**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AMERICAN IMAGING SERVICES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTODESK, INC.,<br><br>　　　　Defendant;<br><hr>AUTODESK, INC.,<br><br>　　　　Counterplaintiff,<br><br>　　v.<br><br>AMERICAN IMAGING SERVICES, INC.,<br><br>　　　　Counterdefendant. | Civil Action No. 3:09-CV-733-M |

**AUTODESK, INC.'S MEMORANDUM IN SUPPORT OF MOTION
TO EXCLUDE PROPOSED EXPERT OPINIONS OR TESTIMONY
<u>FROM AISI'S COUNSEL OF RECORD PAUL STORM</u>**

-i-

## **TABLE OF CONTENTS**

I.    Introduction ...........................................................................................................................1

II.   Paul Storm Should Not Be Permitted To Offer Expert Testimony
      Relating to Disputed Issues in Which He Was a Participant, Particularly
      While Acting as Counsel of Record .......................................................................................1

III.  Even If It Were Appropriate for Paul Storm To Present "Expert"
      Testimony While Acting as Litigation Counsel and Despite His
      Personal Involvement in the Underlying Events, He Has Failed To
      Provide an Adequate Expert Disclosure .................................................................................3

IV.   Conclusion .............................................................................................................................6


# **TABLE OF AUTHORITIES**

## **Cases**

*Cooke v Town of Colo. City*,
 2013 WL 551508, at *1 (D. Ariz. Feb. 13, 2013) ................................................................ 3

*Day v. Consolidated Rail Corp.*,
 1996 WL 257654 at *1 (S.D. N.Y. May 15, 1996) .............................................................. 5

*FDIC v. United States Fire Ins. Co.*,
 50 F.3d 1304 (5th Cir. 1995) ............................................................................................... 5

*Hamburger v. State Farm Mut. Auto. Ins. Co.*,
 361 F.3d 875 (5th Cir.2004) ................................................................................................ 5

*Prieto v. Malgor*,
 361 F.3d 1313 (11th Cir. 2004) ........................................................................................... 5

*Skyeward Bound Ranch v. City of San Antonio*,
 2011 WL 2162719, at * 1 (W.D.Tex. June 1, 2011) ........................................................ 4, 5

## **Statutes**

Fed. R. Civ. P. 26 ........................................................................................................................ 4

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................... 1, 4

Fed. R. Civ. P. 26(a)(2)(C) ............................................................................................ 1, 3, 4, 5

Fed. R. Civ. P. 37(c)(1) ............................................................................................................... 4

Fed. R. Evid. 615 ..................................................................................................................... 1, 6

## I. Introduction

Autodesk hereby moves to exclude Paul Storm from providing testimony as an expert witness at trial. Mr. Storm is not only one of AISI's attorneys of record in the present litigation, he was one of AISI's attorneys of record in AISI's prior litigation against Intergraph involving the original underlying '393 patent. He was also AISI's patent prosecution counsel for the reissue prosecution that led to the issuance of the '384 reissued patent and AISI's patent prosecution counsel for the reexamination of the '384 reissued patent. In addition, he was AISI's 30(b)(6) witness on the topic of document preservation, collection, searches, and production in the present litigation. In view of his direct involvement in the events that form the basis of Autodesk's counterclaim of patent unenforceability due to inequitable conduct, laches, and spoliation, as well as his failure to provide an adequate expert disclosure in accordance with Fed. R. Civ. P. 26(a)(2)(B), 26(a)(2)(C), and the Court's Order of April 15, 2011, Autodesk respectfully requests that the Court preclude Mr. Storm from offering any expert testimony at trial. To the extent AISI intends to present Mr. Storm as a fact witness, Autodesk requests leave to take his deposition in his personal capacity, with waiver of privilege regarding the subject of his trial testimony and associated documents to be produced pursuant to that waiver, as well as an order that he be excluded from the courtroom during trial pursuant to Fed. R. Evid. 615.

## II. Paul Storm Should Not Be Permitted To Offer Expert Testimony Relating to Disputed Issues in Which He Was a Participant, Particularly While Acting as Counsel of Record

On June 27, 2011, ten days after the deadline for designating rebuttal expert witnesses had passed and three days before the close of expert discovery, *see* ECF No. 109 ¶ 2, AISI filed a supplemental expert disclosure identifying Paul V. Storm, one of its attorneys of record, as a proposed expert. *See* ECF No. 119 ("Generally speaking, Mr. Storm is expected to provide testimony to rebut Mr. Nusbaum's opinions as stated in his May 27, 2011 Expert Report."). This belated disclosure, filed without any meet and confer and without leave of

-2-

Court, provides no information regarding the facts and opinions about which Mr. Storm is expected to testify and states only generally that he is designated "to provide expert testimony regarding the patent-examination and reissuance procedures, practices, and standards of the United States Patent and Trademark Office (the 'USPTO'), including applicable case law relating to standards of patentability and enforceability, the prosecution histories of U.S. Pat. No. 5,353,393 (the ''393 Patent') and U.S. Reissued Pat. No. RE40,384 (the ''384 Patent')." *See* ECF No. 119. Autodesk objected to Paul Storm's proposed expert testimony in its Notice filed June 28, 2011. *See* ECF No. 120.

Prior to AISI's filing of its supplemental expert disclosures on June 27, 2011, the parties met and conferred regarding AISI's request for bifurcation of trial on inequitable conduct and the possibility of Paul Storm testifying as a fact witness during the inequitable conduct phase of trial. Autodesk agreed to AISI's request that Autodesk not seek to disqualify Paul Storm from continuing to serve as litigation counsel for AISI, provided that (1) Autodesk be given the opportunity to depose Paul Storm in advance regarding the subject of his intended trial testimony, for which he and AISI agree to waive attorney-client privilege and work product; (2) Paul Storm be excluded from the courtroom during trial; and (3) the inequitable conduct phase of the trial would proceed first, and Autodesk would have the right to use both Paul Storm's deposition and inequitable conduct trial testimony at the trial of all other issues in the case. AISI then filed this unopposed motion on June 27, 2011, the same day as its supplemental expert disclosures. *See* ECF No. 118. AISI's motion was denied without prejudice. *See* ECF No. 121.

AISI failed to notify Autodesk in advance of its intent to supplement its expert disclosures to identify Paul Storm as a proposed expert witness. Moreover, the discussions regarding the possibility of Paul Storm testifying at trial-- as a fact witness, subject to waiver of privilege-- took place nearly a year before AISI decided to disclose to Autodesk that Paul Storm had located dozens of boxes of prior litigation documents that AISI (through Storm LLP as its patent prosecution counsel) identified to the Patent Office during the reissue

prosecution of the patent-in-suit. These are the same boxes of documents which AISI previously represented during fact discovery (through Paul Storm as AISI's 30(b)(6) witness) as being consolidated into fewer boxes after removing duplicates. *See* ECF No. 188. The discussions regarding the possibility of Paul Storm potentially testifying as a fact witness on inequitable conduct also took place **before** AISI confirmed its dismissal of asserted claims 98 and 102 (to the extent dependent on claim 98), which AISI cancelled in reexamination along with other claims that similarly failed to recite the "merging" step.[1] While Autodesk conditionally agreed back then that it would not seek to disqualify Mr. Storm based on his dual role as a fact witness and trial counsel in the event the Court bifurcated trial on inequitable conduct, Autodesk never agreed to allow Mr. Storm to present **expert** testimony on the very issues of inequitable conduct, laches, and spoliation in which he was directly involved. Allowing Mr. Storm to present expert testimony on these issues would be highly prejudicial to Autodesk.

### III. Even If It Were Appropriate for Paul Storm To Present "Expert" Testimony While Acting as Litigation Counsel and Despite His Personal Involvement in the Underlying Events, He Has Failed To Provide an Adequate Expert Disclosure

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure "strikes a balance between requiring an expert report from a witness like a treating physician, who was not specially retained to provide expert testimony and requiring a defendant to search through hundreds of pages of medical records in an attempt to guess at what the testimony of a treating physician might entail." *See Cooke v Town of Colo. City*, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013) (plaintiff's failure to properly follow requirement of Fed. R. Civ. P. 26(a)(2)(C) not

---

[1] AISI finally cancelled these claims after being served with the Expert Report of Autodesk's patent practice and procedure expert, Mark Nusbaum, former Examiner and Administrative Patent Judge. Among the issues Mr. Nusbaum found troublesome was AISI's submission of inventor declarations to predate CAD Overlay as an invalidating prior art reference using LunaLink, which performed all of the elements of the claimed invention except the merging limitation and was certainly subject to on-sale bar based on AISI's trade show demonstration and sale of LunaLink and LunaEdit in May of 1988, which is clearly material to patentability. *See* ECF No. 179 at 7-15, No. 190.

harmless despite belief that defense counsel correctly guessed at substance of proposed testimony). In view of the lack of any detail in AISI's belated disclosure of Paul Storm as a proposed expert witness, Autodesk is left to guess as to the substance of the facts and opinions about which he is expected to testify. AISI, on the other hand, has had a complete and detailed report of the facts and opinions regarding patent procedures and practices relevant to Autodesk's inequitable conduct claim from Autodesk's expert Mark Nusbaum since May of 2011.

Autodesk can only guess at what Mr. Storm's "expert" opinions might be at trial, particularly since his involvement in and knowledge of the underlying events have been shielded under attorney-client privilege by virtue of his position as counsel of record.[2] *See Skyeward Bound Ranch v. City of San Antonio*, 2011 WL 2162719, at * 4 (W.D.Tex. June 1, 2011) (excluding expert testimony under Rule 26(a)(2)(C) and noting that "mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation"). This is precisely why Fed. R. Civ. P. 26 imposes specific disclosure requirements upon any witness "who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." *See* Fed. R. Civ. P. 26 (a)(2)(B) (written report required containing "a complete statement of all opinions the witness will express and the basis and reasons for them", the data considered, the witness's qualifications, compensation, and other recent cases in which he or she offered testimony). Any party that "fails to provide information" is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1). AISI has not offered any excuse for its failure to provide an expert report from Mr. Storm.

---

[2] Although it was resolved in part, Mr. Storm's refusal to answer questions during his deposition as AISI's 30(b)(6) witness on the topics of document preservation, search, collection, and production on the grounds of attorney-client privilege was problematic. AISI's attempts to conceal adverse facts relevant to the case through attorney-client privilege is already the subject of a pending motion. *See* ECF No. 188-1.

AISI categorizes Mr. Storm's expert testimony under Fed. R. Civ. Proc. 26 (a)(2)(C), but AISI proffers Mr. Storm's testimony exactly as if he were a retained expert like Mr. Nusbaum. *See* ECF No. 119 ("Generally speaking, Mr. Storm is expected to provide testimony to rebut Mr. Nusbaum's opinions as stated in his May 27, 2011 Expert Report."). Thus, to the extent he is allowed to testify at trial as an expert witness, AISI should be required to provide an expert report identifying Mr. Storm's opinions and the facts underlying those opinions.[3] *See Prieto v. Malgor*, 361 F.3d 1313, 1318-9 (11th Cir. 2004) (where employee functioned exactly as retained expert he was required to provide expert report). With its vague and untimely supplemental disclosure, AISI has not met its burden to demonstrate that Mr. Storm is not a witness "retained or specially employed to provide expert testimony in the case" or one "whose duties as an employee of the party regularly involve giving expert testimony." *See* Fed. R. Civ. Proc. 26 (a)(2)(C); *Skyeward*, 2011 WL 2162719, at *1 (denying motion for reconsideration as "the only statement which bears on his 'facts and opinions' is the following: 'He will testify regarding its [the sweepstakes program's] operation as well as damages in this case.' This does not satisfy the disclosure requirement."); *Day v. Consolidated Rail Corp.*, 1996 WL 257654 at *3 (S.D. N.Y. May 15, 1996) ("In a case such as this, in which it appears that the witness in question ... is being called solely or principally to offer expert testimony, there is little justification for construing the rules as excusing the report requirement.").

Where a party's disclosure of a proposed expert is deficient, the Court has the discretion to strike an expert designation. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882–83 (5th Cir.2004) (in exercising such discretion courts should consider: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony;

---

[3] To the extent Mr. Storm is permitted to testify at trial as a proposed expert, Autodesk reserves the right to move to disqualify him from continuing to represent AISI as counsel of record in this litigation. *See FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995) (finding disqualification of a witness attorney proper to prevent "a tangible and unavoidable scrambling of roles").

(3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."). AISI has offered no explanation for its failure to disclose the substance of Mr. Storm's proposed testimony, and Autodesk has no information whatsoever about the facts and opinions he intends to present at trial. Allowing AISI to surprise Autodesk with unknown expert testimony at trial, from AISI's own attorney, would improperly influence the jury and be incredibly prejudicial to Autodesk.

To the extent AISI seeks to present Mr. Storm as a fact witness regarding the events underlying Autodesk's claims of inequitable conduct, laches, and spoliation, Autodesk requests leave to take his deposition on the subject of his proposed trial testimony and an order requiring AISI and Paul Storm to waive attorney-client privilege and work product relating to such testimony, along with production of all relevant documents under a similar waiver reasonably in advance of that deposition. While Autodesk will continue to abide by its agreement that it will not seek to disqualify Mr. Storm from continuing to serve as counsel of record, for the trial itself, Autodesk requests that he be excluded from the courtroom pursuant to Fed. R. Evid. 615.

## IV. Conclusion

Based on the foregoing, Autodesk respectfully requests that the Court enter an order precluding Paul Storm from presenting any testimony as a proposed expert witness. To the extent he is proffered as a fact witness by AISI, Autodesk respectfully requests leave to take his deposition, with all privileges related to the subject of his trial testimony waived, and further requests that the Court order Paul Storm and AISI to immediately produce all documents related to his proposed areas of testimony and further order that he be excluded from the courtroom during trial.

Dated: February 22, 2013

Respectfully submitted,

*/s/ Eric Lancaster*
E. Leon Carter
Texas State Bar No. 03914300

lcarter@carterstafford.com
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@carterstafford.com
CARTER STAFFORD ARNETT HAMADA
  & MOCKLER, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, TX  75206
Telephone:  (214) 550-8188
Facsimile:  (214) 550-8185

Jeannine Yoo Sano (*pro hac* vice)
jsano@whitecase.com
Eric E. Lancaster (*pro hac* vice)
elancaster@whitecase.com
Jason Xu (*pro hac vice*)
jxu@whitecase.com
James Gagen (*pro hac vice*)
jgagen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306-1209
Telephone:  (650) 213-0356
Facsimile:  (650) 213-8158

Brett C. Govett
Texas State Bar No. 08235900
bgovett@fulbright.com
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

Attorneys for AUTODESK, INC.

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was duly served on all counsel of record via the Court's ECF/CM System on this 22nd day of February, 2013.

*/s/ Eric Lancaster*