IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IMAGING SERVICES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No.: 3:09-CV-0733-M |
| AUTODESK, INC., | § | |
| | § | |
| *Defendant*. | § | |

## SECOND AMENDED PATENT SCHEDULING ORDER

The parties' Joint Motion for Entry of Amended Scheduling Order, filed February 28, 2013, is hereby **GRANTED**.

Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of this Court (except as modified herein), the Court's Civil Justice Expense and Delay Reduction Plan, and in consideration of any appropriate proposal submitted by the parties, the Court enters this Second Amended Patent Scheduling Order. *Miscellaneous Order No. 62* is in effect except as set out in this Second Amended Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Trial Date:** This case is **set for jury trial** on this Court's three-week docket beginning **April 15, 2013, at 9:00 a.m.** Counsel and the parties must be ready for trial on two (2) business days notice at any time during this three-week period, unless the Court specifies otherwise at the pretrial conference. **Any potential conflicts which can now be contemplated must be called to the attention of the Court in writing within ten (10) days of the date of this Second Amended Order**.

Second Amended Patent Scheduling Order - Page 1

2. **Joinder of Parties:**  [Expired.]

3. **Amendment of Pleadings:**  [Expired.]

4. **Dispositive Motions:**  [Expired.]

5. **Initial Designation of Experts:**  [Expired.]

6. **Responsive Designation of Experts:**  [Expired.]

7. **Objections to Experts:**  Oppositions to <u>Daubert</u> motions shall be filed by **March 13, 2013,** and replies by **March 20, 2013.**

8. **Handling and Protection of Privileged or Trial-Preparation Material:**  No longer applicable.

9. The parties shall adhere to the following schedule:

| Local Rule | Description | Deadline |
| --- | --- | --- |
| 3-1 | Plaintiff serves Preliminary Infringement Contentions ("PICs" for representative products and makes document production. | Expired. |
| 3-2 | Plaintiff serves Preliminary Infringement Contentions ("PICs" for representative products and makes document production. | Expired. |
| 3-3 | Defendant serves Invalidity Contentions and makes document production. | Expired. |
| 3-4 | Defendant's document production | Expired. |
| 4-1(a) | Exchange of proposed terms and claim elements for construction. | Expired. |
| 4-2(a) | Exchange of preliminary claim constructions and extrinsic evidence. | Expired. |
| 4-3 | Filing of Joint Claim Construction and Prehearing Statement | Expired. |

| | | |
|---|---|---|
| 4-4 | Discovery deadline - claim construction issues. | Expired. |
| 4-5(a) | *Markman* opening briefs. | Expired. |
| | Deadline to disclose any rebuttal experts submitting declarations re claim construction for *Markman* responsive briefs. | Expired. |
| | Deadline to complete depositions of any experts whose declarations re claim construction are submitted with *Markman* opening briefs. | Expired. |
| 4-5(b) | Responsive briefs. | Expired. |
| | Deadline to complete depositions of any experts whose declarations re: claim construction are submitted with *Markman* responsive briefs. | Expired. |
| 4-5(c) | Claim Construction Chart. | Expired. |
| 4-6 | *Markman* hearing. | Expired. |
| | Early mediation deadline. | Expired. |
| | Completion of Fact Discovery. | Expired. |
| | Completion of Expert Discovery | Expired. |
| | Deadline for initial designation of experts other than those designated for *Markman* hearing. | Expired. |
| | Opening Expert Reports. | Expired. |
| | Deadline for responsive designation of experts. | Expired. |
| | Rebuttal Expert Reports. | Expired. |
| | Last day to file dispositive motions. | Expired. |
| | Deadline for follow-up mediation. | Expired. |
| | *Daubert* motions | Expired. |
| | Oppositions to *Daubert* motions | March 13, 2013 |
| | Replies to oppositions to *Daubert* motions | March 20, 2013 |

Second Amended Patent Scheduling Order -   Page 3

|   | Motions in limine | April 5, 2013 |
|---|---|---|
|   | Oppositions to motions in limine | April 10, 2013 |
|   | Proposed Pretrial Order | April 1, 2013 |
|   | Pretrial Conference. | Friday, April 12, 2013, at 10:00 a.m. |
|   | Jury Selection. | The Court's three-week docket beginning April 15, 2013, at 9:00 a.m. |

10. **Pretrial Disclosures and Objections:** Unless otherwise directed by Order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii), Fed. R. Civ. P. by **March 27, 2013**. Within **seven (7) days** thereafter, a party must serve and file a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii), and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii), if any. Other than exhibits on file with the Court, the objecting party must attach to the objections the materials to which the objections are directed. Counsel, or the party if not represented by counsel, must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

11. **Completion of Discovery:** [Expired.]

12. **Settlement Conference:** After the Court has ruled on the pending summary judgment motions, the parties and their respective lead counsel must meet in person or by telephone conference to discuss settlement of this case. All parties must make a good faith effort to settle this case. At the conclusion of this conference, counsel must,

**within three business days**, notify the Court in writing of the participants' names and capacities, and the results of the settlement conference.

13. **Pretrial Materials:**

   (a) By **April 1, 2013**, the following pretrial materials **must** be filed:

   1. **Pretrial Order:** A **joint pretrial order** shall be submitted by Plaintiff's attorney which covers each of the matters listed in Local Rule 16.4 and which states the **estimated length of trial**. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate); however, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders,** since each party may present its version of any disputed matter in the joint pretrial order. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case. **Parties shall summarize their claims and defenses in the pretrial order.**

   2. **Witness List:** Each party must file a **list of witnesses** who may be called by each party in its case in chief. Each witness list shall contain a brief **narrative summary** of the testimony to be elicited from each witness, shall state whether the witness has been deposed, and whether the witness's testimony at trial is "**probable**," "**possible**," "**expert**," or "**record custodian**." A copy of this list must be furnished to the Court reporter **prior** to trial.

   3. **Exhibit List and Deposition Testimony:** A **list of exhibits** and a **designation of portions of depositions** to be offered at trial shall be filed by each party. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of case, case number, name of the party, and volume number of the binder. A copy of the exhibit list must be furnished to the court reporter **prior** to trial.

    (b)  By **April 10, 2013**, the following **must** be filed.

1. **Jury Instructions: Requested jury instructions (annotated)**[1] and issues shall be filed by each party. The instructions and issues must be tailored to the specific case. They shall be submitted in hard copy and on disk in a Word Perfect format.

2. **Proposed Voir Dire Questions: Proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel must be filed. The Court will submit to the jury a standard written questionnaire, a copy of which is available from chambers. The parties may, immediately upon receipt of a draft of same, propose necessary modifications to the form. The Court, after completion of its voir dire, will allow counsel additional time to conduct their own voir dire examinations.

14. **Objections to Pretrial Materials and Motions in Limine:** In addition to the objections to exhibits, and designated deposition testimony referenced in Paragraph 10, objections to witness lists shall be filed by **April 12, 2013**. **Motions in limine,** if any, shall be filed by **April 5, 2013,** unless counsel, in the exercise of reasonable diligence, could not have known of the basis for the motion as of that date. The parties shall confer promptly to determine what limine items may be unobjectionable. Not later than twenty-four hours before the time scheduled for pretrial conference, the parties shall advise the Court, in writing, of what limine items remain in genuine dispute.

15. **Pretrial Conference:** A **pretrial conference** in **this case** is set for **Friday, April 12, 2013, at 10:00 a.m.** Each party shall be represented by at least one attorney who

---

[1] "Annotated" means that whenever possible, *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority, or pattern instructions. The parties should, to the extent possible, rely principally on Fifth Circuit and Supreme Court cases, Northern District precedents, and Fifth Circuit pattern instructions.

will participate in the trial and who has authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expenses of trial. Fed. R. Civ. P. 16(b). The Court will consider at that time pretrial motions not previously decided, and procedures for trial will be discussed.

16. **Modification of Second Amended Patent Scheduling Order:** The parties may agree to modify the deadlines established by Paragraphs 2, 3, 5, 6, 7 and 11 of this Second Amended Patent Scheduling Order; provided, however, that objections to experts cannot be extended to a date less than twenty-eight (28) days before trial; and (2) any extensions to deadlines must be confirmed in writing and filed promptly thereafter with the Court. If the parties seek to extend any of the deadlines set forth in Paragraphs 4, 10, 13 or 14, they shall file a motion seeking such an extension before the deadline elapses. This Second Amended Order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b). **It is only under truly extraordinary circumstances that the Court will reset the trial date**. If any such request is made, it must be made in writing and in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

17. Under Local Rule 7.1, unless otherwise directed by the Court, responses to motions must be filed by the twentieth day after the motion is filed, and replies are to be filed by the fifteenth day after the date the response is filed. If the due date falls on a

Saturday, Sunday, or federal holiday, the response or reply is due on the next business day. Federal Rule 6(e), which provides that "[w]henever a party has the right or is required to do some act ... within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period," does not apply to response or reply due dates, which are calculated under Local Rule 7.1 according to the motion or response's filing date, not the date of service. If a party is unaware of the filing date of a motion or response, the party may contact the Court to ascertain that information.

18. **Parties:** Whenever the name of any party, or the name of the parent of a corporate entity changes during the proceeding, counsel or, if applicable, an unrepresented party, shall advise the Court of such change, within twenty (20) days of the event. It shall be the responsibility of counsel or any unrepresented party to remain fully advised of any such developments.

19. **Compliance with this Second Amended Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

20. **Inquiries: Questions relating to this Second Amended Patent Scheduling Order are to be directed to Ms. Lori Anne Greco, Courtroom Deputy (214/753-2421)**. **IT IS SO ORDERED** this 5th day of March, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS