IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IMAGING SERVICES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:09-cv-00733 |
| AUTODESK, INC., | § § § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PAUL STORM

Plaintiff American Imaging Services, Inc.'s ("American Imaging") lead counsel Paul Storm should not be precluded from testifying as an expert at the trial of issues related to inequitable conduct to the extent that his testimony can be characterized as that of an expert. Moreover allowing Defendant's untimely, implicit attempt to disqualify Mr. Storm as lead trial counsel would unfairly prejudice Plaintiff and deny its choice of counsel who has been working on American Imaging's patent matters for more than a decade.

In addition to being trial counsel for American Imaging, Mr. Storm was also prosecution counsel for the reissue of the patent-in-suit U.S. Patent No. RE40,384, prosecution counsel during its re-examination, and counsel for part of the Intergraph litigation of the original U.S. Patent No. 5,353,393. Thus, both parties acknowledge that Mr. Storm is a fact witness regarding the events underlying Defendant's claim of inequitable conduct based on acts or omissions before the United States Patent and Trademark Office. See Doc. 198 at p. 6.

American Imaging designated Mr. Storm as a potential expert witness out of an abundance of caution to prevent Defendant from arguing that certain aspects of any testimony

that he would give related to inequitable conduct constitute impermissible expert opinion. Having practiced before the Patent Office for more than 20 years, Mr. Storm could arguably be considered as an expert at patent procedure. Defendant's expert Mr. Nusbaum has submitted an expert report opining that certain prior art references and other information should have been disclosed to the Patent Office at various points in the prosecutions related to this case. As a person directly involved in at least some of the prosecution that is the subject of Mr. Nusbaum's opinion, Mr. Storm necessarily will be rebutting that testimony, as indicated in American Imaging's expert disclosure. (Doc. 119 at p. 2). To the extent that Mr. Storm's testimony about why certain references were not disclosed or why certain things were said reflects his view of the legal requirements of the Patent Office, that testimony could be characterized as expert testimony rather than just fact testimony. However, that testimony goes directly to the elements of intent to deceive and but-for materiality of a reference that Defendant must prove in order to demonstrate inequitable conduct. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-92 (Fed. Cir. 2011) (en banc). Regardless of its characterization as expert or fact, Defendant was timely on notice of Mr. Storm's testimony, as the disclosure was made in advance of the deadline for expert disclosure.

Mr. Storm did not prepare a report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), because he was not "retained or specially employed to provide expert testimony." Mr. Storm is providing testimony as a fact witness, but by the nature of his identity as a lawyer with experience arguably rising to the level of an "expert", his testimony may be considered to be expert testimony. Federal Rule of Civil Procedure 26(a)(2)(C) specifically recognizes this possibility by instructing that witnesses who may provide expert testimony but do not have to provide a report instead must disclose the subject matter on which they will testify and

summarize that testimony. Mr. Storm and American Imaging complied with that Rule in Doc. 119.

Moreover any prejudice that Defendant claims from Mr. Storm not producing a report of his "expert" opinion may be ameliorated through deposition. American Imaging has never refused to provide Mr. Storm for deposition related to Defendant's inequitable conduct claim and is willing to provide him upon reasonable notice at any time. In fact, in June 2011, American Imaging submitted an unopposed motion to bifurcate the issue of patent unenforceability (*e.g.*, inequitable conduct) for trial in which the parties agreed that Defendant could depose Mr. Storm in advance of that trial. (Doc. 118). A copy of that Motion is attached hereto for ease of reference. Magistrate Kaplan denied the bifurcation motion without prejudice noting that American Imaging could "reurge its motion after the court rules on any motions for summary judgment." (Doc. 121). American Imaging plans to resubmit that motion at the earliest possible opportunity. If the Court would permit a resubmission at this time, American Imaging hereby requests that the Court consider Doc. 118 as resubmitted contemporaneously with this Response.

In addition to asking that Mr. Storm not be permitted to testify as an expert on unenforceability-related issues, Defendant also requests that Mr. Storm be excluded from the courtroom during trial. Although not labeled as such, Defendant's request is effectively a motion to disqualify Mr. Storm as trial counsel, as Mr. Storm would not be able to advocate for American Imaging or even effectively participate in the trial if he is not permitted in the courtroom. This motion — brought *less than two months* before trial — is untimely and unnecessarily extreme particularly considering the alternative solution of bifurcation.

The only potential bases for disqualification of Mr. Storm as trial counsel are the ethical rules precluding a lawyer from serving as both an advocate and a witness in the same litigation.

*Liz Claiborne, Inc. v. Consumer Prod. Recovery LLC*, No. 3:04-CV-819-H, 2004 WL 1496537, at *2 (N.D. Tex. June 30, 2004) (denying motion to disqualify where lawyer would not testify before the jury). "[A]s numerous courts and commentators have recognized, the only justification for the attorney testimony rule that might be viewed as affecting the rights of the opposing party is that derived from the fear that the jury will either accord such testimony undue weight, or will be unable to distinguish between the attorney's testimony, offered under oath, and his legal argument, offered in rhetorical support of his client's case." *Crowe v. Smith*, 151 F.3d 217, 233-34 (5th Cir. 1998) (affirming decision to allow counsel to testify at bench trial).

Bifurcation of Defendant's patent unenforceability claim and conduct of a bench trial on that issue would moot Defendant's request that Mr. Storm be excluded from the courtroom during the overall trial of this case.[1] Inequitable conduct is an issue for the Court, not the jury. *Paragon Podiatry Lab. Inc., v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) ("The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide."). Thus, the ethical rules are not implicated, as there would be no danger that the jury would hear testimony and advocacy from Mr. Storm.

Defendant's request to have Mr. Storm excluded from the courtroom during the jury trial of this case would prevent American Imaging from having counsel of its choice in this matter. "Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration." *Boe v. Wolfe*, No. 7:00-CV-177-R, 2000 WL 3428405, at *1 (N.D. Tex. Nov. 15, 2000) (internal citation omitted). There is no basis for Defendant's request in light of the alternative agreed solution of bifurcation, and Defendant cites none. *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976) ("A court

---

[1] Mr. Storm has already agreed to follow Fed. R. Evid. 615 in a bifurcated trial on unenforceability. See Doc. 118.

should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel.").

For all of the reasons explained above, Defendant's Motion to Exclude Expert Testimony of Paul Storm, including the request effectively to prevent him from appearing as trial counsel in this matter, should be denied.

Dated: March 13, 2013  Respectfully submitted,

/s/ Paul V. Storm

Paul V. Storm.
Texas State Bar No. 19325350
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
(214) 999-4701 Telephone
(214) 999-3701 Fax
pvstorm@gardere.com

Jonathan T. Suder
State Bar No. 19463350
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 Fax
jts@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of March 2013, I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's ECF system.

/s/ Paul V. Storm
Paul V. Storm