IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN IMAGING SERVICES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AUTODESK, INC.,<br><br>Defendant;<br><br>AUTODESK, INC.,<br><br>Counterplaintiff,<br><br>v.<br><br>AMERICAN IMAGING SERVICES, INC.,<br><br>Counterdefendant. | Civil Action No. 3:09-CV-733-M |

**AUTODESK, INC.'S MOTION AND MEMORANDUM IN SUPPORT OF
<u>MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS</u>**

In light of the Court's recently issued order confirming the second phase jury trial in this case for October 8, 2013, *see* ECF No. 291, Defendant-Counterplaintiff Autodesk, Inc. hereby moves for leave to supplement the expert reports of Dr. Robert Stevenson, William Snider, Jorge Miranda, Dr. Udo Pooch, and Dr. Matthew Lynde by no later than August 30, 2013, pursuant to Fed. R. Civ. P. 26 and Local Rule 7.1, in order to address the developments in the case and additional information obtained since the submission of their original expert reports.

I.      **Procedural Background**

Autodesk submitted the original expert report of Jake Richter on invalidity, the original expert report of William Snider, the creator of the SuperPaint prior art, and the original expert report of Jorge Miranda, the creator of the Canvas prior art, by May 27, 2011 and submitted the rebuttal expert report of Dr. Udo Pooch on non-infringement and the rebuttal expert report of Dr. Matthew Lynde on damages by June 17, 2011 in accordance with the Court's earlier scheduling order. *See* ECF No. 109 ¶ 2. AISI has declined to take the deposition of any of Autodesk's experts.

After Jake Richter passed away due to cancer, Autodesk was permitted to submit a replacement invalidity expert report from Dr. Robert Louis Stevenson by September 10, 2012. *See* ECF No. 164 ¶ 6. The Court issued its claim construction order approximately two months later. *See* ECF Nos. 177, 177-1. On or about April 2, 2013, AISI provided a supplemental report from its proposed damages expert, Joseph Gemini, without seeking leave of Court. The first phase bench trial on Autodesk's counterclaims of inequitable conduct, laches, and spoliation proceeded on April 9-10, 2013 and April 16-19, 2013 with closing arguments on April 29, 2013. By the Court's recently issued Order of July 26, 2013, the second phase jury trial on the remaining claims has been confirmed to begin on October 8, 2013. *See* ECF No. 291.

II.     **The Requested Supplementation Is Timely and Would Not Prejudice AISI, Whereas Denial of Leave To Supplement Will Prejudice Autodesk**

The Court's claim construction order from November of 2012, the testimony from the first phase bench trial in April of 2013, and AISI's supplemental damages report from April of 2013 all took place after Autodesk had submitted its original expert reports in accordance with the governing scheduling order at the time. In view of the recently issued order confirming the second phase jury trial to start on October 8, 2013, Autodesk seeks leave at this time to supplement the expert reports of Dr. Stevenson, Mr. Snider, and Mr. Miranda on invalidity, Dr. Pooch on non-infringement, and the rebuttal expert report of Dr. Lynde on damages in

order to address information that was not available at the time of the submission of their original expert reports but will be necessary to be presented to the jury at the upcoming second phase jury trial.[1] To allow for the experts' summer schedules, Autodesk proposes to provide such supplementation by no later than August 30, 2013, thirty-nine days before the jury trial is scheduled to begin.

During the first phase bench trial in April of 2013, several witnesses provided testimony relevant to the issues of invalidity, infringement, and damages that Autodesk's experts will need to address and present to the jury during the second phase jury trial. For example, one of AISI's witnesses, Paul Storm, testified that the SuperPaint prior art discloses "vector-based image," "vector origin," and "maintain in registration the raster image and the vector-based image" limitations. *See* Apr. 17, 2013 Trial Tr. 151:23-25, 154:23-154:14, 105:25-106:3. Certain testimony of AISI's witnesses from the first phase bench trial is also relevant to several of the factors under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), cited by Dr. Lynde in his original rebuttal expert report on damages, which will need to be updated to incorporate such additional evidence as well as to address AISI's recent supplemental report on damages from April of 2013.

Given the relevance of such additional information to the opinions of Autodesk's experts and to Autodesk's claims and defenses, none of which were available at the time Autodesk submitted its original expert reports in accordance with the previous scheduling order, Autodesk will be severely prejudiced at the upcoming second phase jury trial if the requested supplementation is denied. In comparison, the proposed supplementations will not create any prejudice to AISI given that (1) the proposed supplementation will be based on the evidence already in the record from the first phase bench trial; (2) AISI is aware of the Court's

---

[1] Even though supplementation was not necessary for purposes of the scope and substance of the expert testimony that was presented at the first phase bench trial, AISI nonetheless insisted at that time that Autodesk should supplement its expert reports. Autodesk now seeks leave to do so, and AISI opposes, despite having submitting one of its own supplemental reports without obtaining leave of Court.

claim construction order which issued after the due date for the original expert reports; (3) AISI elected not to depose any of Autodesk's experts in accordance with the governing scheduling order; and (4) AISI declined not to file any *Daubert* motions provided under the scheduling order in this case.[2] Thus, there is good cause to allow supplementation at this time. *See Sicard v. Turner*, 2011 WD 2559531, at *2 (N.D. Tex., Dallas Div. June 28, 2011) (granting motion to modify scheduling order to designate additional experts without disturbing trial setting); *Hester v. CSX Transp., Inc.*, 61 F.3d 382, 388 (5th Cir. 1995) ("The admission of expert testimony is a matter committed to the district court's discretion.").

### III. Conclusion

Based on the foregoing, Autodesk respectfully requests that the Court grant leave for Autodesk to provide supplemental expert reports of Dr. Robert Stevenson, William Snider, Jorge Miranda, Dr. Udo Pooch, and Dr. Matthew Lynde on or before August 30, 2013.

Dated: August 2, 2013

Respectfully submitted,

*/s/ Eric E. Lancaster*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterstafford.com
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@carterstafford.com
Carter Stafford Arnett Hamada & Mockler, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, TX 75206
Telephone: (214) 550-8188
Facsimile: (214) 550-8185

Jeannine Yoo Sano (*pro hac vice*)
jsano@whitecase.com

---

[2] Indeed, AISI's sole basis for any objection to Autodesk's expert testimony at the first phase bench trial was that Autodesk had not supplemented its original expert reports. Although supplementation was not necessary for the scope of testimony presented at the first phase bench trial, as noted by the Court in overruling AISI's objection, the requested supplementation is necessary at this time to address the additional information to be presented at the upcoming jury trial that has just been confirmed by the Court's order.

Eric E. Lancaster (*pro hac vice*)
elancaster@whitecase.com
Jason Xu (*pro hac vice*)
jxu@whitecase.com
James Gagen (*pro hac vice*)
jgagen@whitecase.com
White & Case LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306-1209
Telephone:  (650) 213-0356
Facsimile:  (650) 213-8158

Attorneys for AUTODESK, INC.

**CERTIFICATE OF CONFERENCE**

  Autodesk hereby certifies that counsel for the parties met and conferred on August 2, 2013 in accordance with Local Rule 7.1(b), and agreement could not be reached because Plaintiff-Counterdefendant American Imaging Services, Inc. ("AISI) opposes Autodesk's proposed supplementation to incorporate the additional information from the first phase bench trial and case developments subsequent to the submission of Autodesk's original expert reports despite AISI's previous arguments to the Court that AISI should supplement its expert reports.  Leon Carter and Eric Lancaster attended this meet and confer on behalf of Autodesk, and Todd Blumenfeld attended on behalf of AISI.

Dated:  August 2, 2013

               */s/ Eric E. Lancaster*
               E. Leon Carter
               Texas State Bar No. 03914300
               lcarter@carterstafford.com
               J. Robert Arnett II
               Texas State Bar No. 01332900
               barnett@carterstafford.com
               Carter Stafford Arnett Hamada & Mockler, PLLC
               8150 N. Central Expressway, Suite 1950
               Dallas, TX  75206
               Telephone:  (214) 550-8188
               Facsimile:  (214) 550-8185

               Jeannine Yoo Sano (*pro hac vice*)
               jsano@whitecase.com
               Eric E. Lancaster (*pro hac vice*)
               elancaster@whitecase.com
               Jason Xu (*pro hac vice)*
               jxu@whitecase.com
               James Gagen (*pro hac vice*)
               jgagen@whitecase.com
               White & Case LLP
               3000 El Camino Real
               5 Palo Alto Square, 9th Floor
               Palo Alto, CA  94306-1209
               Telephone:  (650) 213-0356
               Facsimile:  (650) 213-8158

               Attorneys for AUTODESK, INC.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served on all counsel of record via the Court's ECF/CM System on this 2nd day of August, 2013.

> */s/ Eric E. Lancaster*
> Eric E. Lancaster