**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **AMERICAN IMAGING SERVICES, INC.,** § | |
| § | |
| § | **Civil Action No. 3:09-CV-00733-M** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **AUTODESK, INC.** § | |
| § | |
| § | |
| **Defendant.** § | |

**AMERICAN IMAGING SERVICES, INC.'S SUPPLEMENTAL BRIEF IN RESPONSE
TO AUTODESK'S MOTION TO EXCLUDE CERTAIN TESTIMONY
OF TIPTON COLE**

The testimony of Plaintiff American Imaging Services, Inc.'s ("American Imaging") expert on validity, Mr. J. Tipton Cole, is not contrary to the Federal Circuit's decision in *American Imaging Services, Inc. v. Intergraph*, No. 99-1485, 2000 U.S. App. Lexis 13949, at *13-19 (Fed. Cir. June 12, 2000). Defendant Autodesk Inc.'s ("Autodesk") attempt to preclude Mr. Cole's testimony misrepresents the issue before the Federal Circuit and its findings — which concerned original U.S. Patent No. 5,353,393 not the patent-in-suit here U.S. Reissue Patent No. RE40,384 — as well as the prosecution history leading to the grant of the reissue. As the Court correctly observed during the hearing on September 6, Autodesk's motion is nothing more than an argument over a difference of opinion between its expert and Mr. Cole—an issue of credibility to be determined by the jury.

**I.    The Federal Circuit never addressed the meaning of the term "coordinates referenced to a vector origin," as that term was not present in the '393 Patent.**

Autodesk moves to exclude Mr. Cole's testimony concerning whether Macintosh-based systems (such as SuperPaint) disclose "coordinates referenced to a vector origin." (Doc. 201 at

1; Doc. 219 at 1). The phrase "coordinates referenced to a vector origin" did not appear in the '393 Patent. See Tr. Ex. 51 ('384 Patent) at Col. 1, ll. 5-9 noting that italicized language indicates words added during the prosecution of the reissue patent. American Imaging accuses Autodesk of infringing claims 14, 15, 108, and 114 of the '384 Patent ("Asserted Claims"). (Doc. 237 at section I(A)). Asserted claims 14 and 15 are amendments of claims 14 and 15 of the original '393 Patent while claims 108 and 114 are entirely new claims added during the reissue prosecution. The term "coordinates referenced to a vector origin" is part of a phrase added to original claims 14 and 15 during the reissue prosecution. (Tr. Ex. 51 at Col. 11, ll. 14-17). Thus, the Federal Circuit never considered the term "coordinates referenced to a vector origin" in its *Intergraph* opinion regarding the original '393 patent claims.

Moreover, the term "coordinates referenced to a vector origin" was added to the original claims 14 and 15 specifically to distinguish the invention of the '384 Patent from SuperPaint and other Macintosh programs. (Tr. Ex. 433: May 10, 2006 Preliminary Amendment at p. 6, February 14, 2006 Supplemental Preliminary Amendment at pp. 4-5 and 30, and January 30, 2004 Preliminary Amendment at pp. 33-35). In granting the reissue application, the Patent Office effectively concurred with Mr. Cole's opinion that SuperPaint does not disclose "coordinates referenced to a vector origin," as it would not have allowed the amended claims or new claims 108 and 114 if it had determined that SuperPaint disclosed that element. SuperPaint and other references from the *Intergraph* litigation were disclosed to the Patent Office during prosecution of the '384 Patent, and the amended/new claims were subsequently allowed. (Tr. Ex. 433 at July 23, 2004 Information Disclosure Statement). Additionally, the Patent Office has confirmed the patentability of the Asserted Claims in addressing four requests for reexamination by Autodesk over Autodesk's arguments that SuperPaint and other Macintosh-based programs

2

disclose every element of the claims.  (Tr. Exs. 502-504 and Doc. 288).  As the record makes clear, American Imaging sought and received a narrowing reissue for the express purpose of distinguishing over SuperPaint.  Thus, it would be improper to read the earlier Federal Circuit opinion as even addressing whether or not the term "coordinates referenced to a vector origin" is disclosed by SuperPaint, much less affirmatively determining that element is met by SuperPaint.

II.     **The Federal Circuit did not find that SuperPaint had "*coordinates referenced to a vector origin*" or that it "*maintained [images] in registration…using [vector] coordinates*"**

The Federal Circuit's findings related to the '393 Patent in the *Intergraph* case do not preclude a determination that SuperPaint does not disclose "coordinates referenced to a vector origin" or the use of those vector coordinates to maintain images in registration.  As a legal matter, a Court of Appeals is not a fact finder; rather, it reviews findings of fact made by a district court using a "clearly erroneous" standard.  *Kelleher v. Flawn*, 761 F.2d 1079, 1084 (5th Cir. 1985) (discussing district court's role as fact finder and appellate court's limited review power).   The Federal Circuit has never reviewed or affirmed any district court finding that SuperPaint discloses "coordinates referenced to a vector origin" or that SuperPaint "maintained…[images] in registration using [vector] coordinates."  *Am. Imaging Servs., Inc. v. Intergraph*, 2000 U.S. App. Lexis 13949, at *12-15 (Fed. Cir. June 12, 2000). As such, Mr. Cole's testimony should not be precluded.

In *Intergraph*, the Federal Circuit addressed claim construction of the term "computer-aided design" ("CAD") system and commands (*Id.* at *5-12), whether SuperPaint anticipated certain claims of the '393 Patent (*Id.* at *13-15), and whether SuperPaint rendered other claims obvious (*Id.* at *16-21).  Notably, the Federal Circuit did not affirm claim construction of the terms "vector origin," "coordinates referenced to a vector origin," or "maintained…[images] in

registration using [vector] coordinates." *Id*. at *5-12.  None of those terms were present in the claims considered by the Federal Circuit.[1]

Neither American Imaging nor its expert Mr. Cole are arguing that SuperPaint is missing any element that the Federal Circuit actually found present.  However, the testimony that Autodesk seeks to strike from Mr. Cole relates to additional elements that are part of the reissue claims, including those elements specifically added in light of the Federal Circuit's decision. While collateral estoppel "forecloses re-litigation of an issue of fact or law where an identical issue has been fully litigated and decided in a prior suit," it requires, among other things, that "the issue at stake was identical to the one involved in the prior litigation."  *Bayer AG v Biovail Corp.*, 279 F.3d 1340, 1345 (Fed. Cir. 2002).  Because the Federal Circuit did not make any findings with respect to whether SuperPaint discloses a "vector origin," "coordinates referenced to a vector origin," or the maintenance of images in registration using a vector-coordinate system, there is no finding from which collateral estoppel could flow.  Mr. Cole's testimony does not conflict with the Federal Circuit's opinion; it is impossible for it to do so considering that the terms that are the subject of Mr. Cole's testimony did not exist at the time of the Federal Circuit's *Intergraph* decision.

## CONCLUSION

For the reasons stated above, as well as in arguments presented in American Imaging's Response to Autodesk's Motion to Strike (Doc. 214) and during the September 6, 2013 hearing, American Imaging respectfully requests that Autodesk's Motion to Strike Mr. Cole's testimony be denied.

---

[1] American Imaging's counsel Mr. Storm's incorrect testimony to the contrary is irrelevant to the actual findings of the Federal Circuit.  However, if the Court would find it helpful for any reason, Mr. Storm will provide a declaration stating that his comments on the *Intergraph* case were incorrect as a result of his incomplete/inaccurate recall from memory of that case at the time of his testimony.

Dated:   September 11, 2013                    Respectfully submitted,


/s/ Paul V. Storm
Paul V. Storm
  State Bar No. 19325350
  pvstorm@gardere.com
Sarah M. Paxson
  State Bar No. 24032826
  spaxson@gardere.com
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX  75201
214.999.3000
214.347.4667 (fax)

Jonathan T. Suder
State Bar No. 19463350
Todd I. Blumenfeld
State Bar No. 24067518
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817.334.0400
817.334.0401 (fax)
jts@fsclaw.com
blumenfeld@fsclaw.com

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and served on counsel of record via CM/ECF on September 11, 2013.


/s/ Paul V. Storm
Paul V. Storm