IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IMAGING SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:09-CV-733-M |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| AUTODESK, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff American Imaging Services, Inc. ("Plaintiff" or "American Imaging") files these Motions *in Limine* in accordance with the deadlines set forth in the Order Setting Trial and Pretrial Deadlines [Dkt. No. 291] in place in the above-referenced litigation, and respectfully shows the Court as follows:

**I. Introduction**

Plaintiff asks this Court to enter an order instructing Defendant Autodesk, Inc. ("Defendant" or "Autodesk") and its counsel to refrain from offering certain evidence at the jury trial or referring to, in any way, either directly or indirectly, within the hearing of the jury, matters which are the subject of these Motions without first approaching the bench outside the hearing of the jurors and obtaining a favorable ruling from the Court regarding the admissibility and relevance of the matters sought to be presented to the jury.  Plaintiff further asks this Court to enter an order: (1) instructing Defendant's counsel to discuss these Motions *in Limine* with all of Defendant's witnesses before they testify, where applicable; and (2) that such information be redacted from otherwise admissible evidence contained in documents, papers and things used by Defendant as exhibits and/or evidence in this case.

1

The subject matter of the Motions *in Limine* set forth below are either not relevant under Fed. R. Evid. 401(b), or if relevant, could only serve to unduly prejudice Plaintiff under Fed. R. Evid. 403. Injection of such matters into the trial of this case by Defendant and/or its attorneys or witnesses would cause irreparable harm such that no instruction by the Court to the jury could cure such harm. Therefore, in an effort to avoid probable prejudice, Plaintiff moves the Court *in limine* for an order precluding Autodesk from the following:

## II. Limine Points

1. Presenting bifurcated issues to jury. Autodesk should be precluded from making any mention in front of the jury of any issues tried before the Court during the bench trial. This includes mentioning any such issues either via opening or closing statements of counsel, direct witness examination, cross examination of any witness, or through document exhibits or demonstratives. Specifically, Autodesk should be precluded from discussion in front of the jury of any theories or Court determinations related to Autodesk's counterclaims and affirmative defenses related to inequitable conduct, laches, spoliation, equitable intervening rights, and unclean hands, as all have been or will be determined by the Court and not the jury.

Agreed _____

Granted _____

Denied _____

2. Presenting facts related to inequitable conduct. Autodesk should be precluded from making any mention of, or soliciting any testimony related to, facts related to its claim of inequitable conduct that has been denied by the Court. Specifically, Autodesk should be precluded from mentioning during opening statements and closing arguments, and from soliciting factual testimony related to at least the following: (1) the demonstration of SuperPaint

conducted by Mr. Opincar and his prosecution attorneys before the USPTO; (2) Mr. Opincar's re-creation of that demonstration during his deposition in this case; (3) the video of Mr. Bill Snider demonstrating SuperPaint created during the *Intergraph* litigation, and whether that video was given to the USPTO during the reissue prosecution; and (4) whether American Imaging gave information to the Patent Office about LunaLink or LunaEdit in the prosecution of the '393 Patent and whether it should have.

  Agreed _____

  Granted _____

  Denied _____

 3. <u>Presenting facts related to laches</u>. Autodesk should be precluded from making any mention of, or soliciting any testimony related to, facts related to its claim of laches that has been denied by the Court. Specifically, Autodesk should be precluded from mentioning during opening statements and closing arguments, and from soliciting factual testimony related to at least the following: (1) when American Imaging first learned of Autodesk's infringement of the underlying '393 Patent; (2) why American Imaging did not file suit against Autodesk for infringement of the underlying '393 Patent; and (3) the American Imaging materials that were sent to Autodesk in 1995.

  Agreed _____

  Granted _____

  Denied _____

 4. <u>Presenting facts related to spoliation</u>. Autodesk should be precluded from making any mention of, or soliciting any testimony related to, facts related to its claim of spoliation that has been denied by the Court. Specifically, Autodesk should be precluded from mentioning during

opening statements and closing arguments, and from soliciting factual testimony related to at least the following: (1) Autodesk's contention that any documents or materials were "lost" or otherwise not preserved; (2) Mr. Opincar's prior lawsuits against Eagle Picher and/or Wylie McDonald; (3) any CD or "WORM" disk containing Luna Link or Luna Edit source code recovered as a result of Mr. Opincar's lawsuits against Eagle Picher and/or Wylie McDonald; (4) the "27 boxes" of documents in American Imaging's possession that were re-located during this litigation and produced and/or made available to Autodesk; and (5) American Imaging's production of documents during this litigation.

Agreed _____

Granted _____

Denied _____

5. <u>Presenting facts related to equitable intervening rights</u>. Autodesk should be precluded from making any mention of, or soliciting any testimony related to, facts related to its claim of equitable intervening rights that will be ruled on by the Court after the jury portion of the trial.

Agreed _____

Granted _____

Denied _____

6. <u>Presenting facts related to unclean hands</u>. Autodesk should be precluded from making any mention of, or soliciting any testimony related to, facts related to its claim of unclean hands that has been denied by the Court.

Agreed _____

Granted _____

Denied _____

7. <u>Presenting testimony of undisclosed corporate representatives</u>. Autodesk shall be precluded from calling as a corporate representative or a witness on its behalf, any individual not included on Autodesk's Witness List [Dkt. No. 236] as persons with knowledge of relevant facts. American Imaging specifically seeks to exclude any person identified by Autodesk in its Updated Initial Disclosures served on August 23, 2013 who is not already listed on Docket No. 236.

Agreed _____

Granted _____

Denied _____

8. <u>Presenting expert testimony not included in an expert report</u>. Autodesk should be precluded from presenting any evidence or testimony regarding any opinion of any witness related to non-infringement, invalidity, or damages unless such person has submitted a report as required by Fed. R. Civ. P. 26 setting forth such opinion, or that person has been properly identified and disclosed in Autodesk's designation of experts in accordance with Fed. R. Civ. P. 26(a)(2)(C). For witnesses who have provided the requisite expert report, Plaintiff further moves the Court to enter and order limiting the testimony of such witnesses to the specific opinions set forth in that witness' respective expert report per <u>Fed. R. Civ. P. 26(a)(2)(B)(i)</u>, which requires "a complete statement of **all** opinions the witness will express and the basis and reasons for them." (emphasis added). Information not included but required by <u>Fed. R. Civ. P. 26(a)(2)</u> should be excluded from evidence unless the proponent of the evidence can show a substantial justification for not having provided the information. See <u>Fed. R. Civ. P. 37(c)(1)</u>. Autodesk can make no such showing.

Autodesk's experts should also be precluded from presenting any testimony related to any prior art references disclosed for the first time in Autodesk's notice pursuant to 35 U.S.C. §282.

Agreed _____

Granted _____

Denied _____

9. <u>Presenting evidence without proper foundation</u>.  Plaintiff hereby moves the Court to enter and order precluding Autodesk from offering testimony about documents, or evidence regarding what such documents or evidence may or may not show, to the extent such documents are not in evidence or for which a proper foundation has not been laid pursuant to Fed. R. Evid. 901.

Agreed _____

Granted _____

Denied _____

10. <u>Presenting evidence on non-pled issues</u>.  Autodesk should be precluded from presenting any evidence or testimony regarding any allegations related to any affirmative defenses or counterclaims that are not reflected in the Joint Pretrial Order (Dkt. No. 237).

Agreed _____

Granted _____

Denied _____

11. <u>Using previously undisclosed prior art references</u>. Autodesk should be precluded from presenting any documentary evidence belatedly identified in Defendant's disclosure pursuant to <u>35 U.S.C. § 282</u> but not produced by either party during this litigation. Plaintiff is attempting

determine whether any such references exist, as Defendant's §282 Notice includes certain Bates numbers that were not affixed by either Plaintiff or Defendant during this litigation.

It is Plaintiff's belief that such Bates numbers reflect a prior Bates number already existing on these documents from their production in a prior litigation, *American Imaging Services, Inc. v. Intergraph* litigation (Southern District of Texas, Case No. H-97-1394) (the "*Intergraph* Litigation"), or have been affixed by a third party in response to a subpoena in this litigation. Plaintiff requested, via letter, that Defendant supplement its §282 Notice to include an identification of these documents using the Bates numbers affixed by Plaintiff or Defendant in during production in this litigation, but, as of the filing of these Motions *in Limine*, Autodesk has refused Plaintiff's request. To the extent these unrecognizable documents were produced by a third party in response to a subpoena served by Autodesk in this litigation, Autodesk had a duty to provide these documents to American Imaging but did not. See Plaintiff's Request for Production No. 72 ("All documents obtained by Defendant from Parties other than AISI relating to prior litigation involving U.S. patent No. 5,353,393, specifically documents relating to any action asserted by AISI against Intergraph, Inc. involving U.S. Patent No. 5,353,393"); Request for Production No. 106 ("To the extent not otherwise produced, all documents obtained by Autodesk related to this or the *Intergraph* lawsuit from third parties since the filing of this lawsuit, whether obtained via subpoena or otherwise.").

To the extent that any prior art references included on Defendants §282 Notice were not produced by Autodesk in this litigation, whether or not Autodesk obtained any such prior art in response to a subpoena in this litigation, Plaintiff has no notice such prior and Autodesk should not be permitted to rely upon, offer testimony related to, or refer in any way to such reference.

Agreed _____

Granted _____

Denied _____

12. Presenting testimony about unrelated opinions of Plaintiff's damages expert. Autodesk should be precluded from presenting testimony, evidence, or statements by Autodesk counsel related to any discussion of testimony proffered by Plaintiff's damages expert, Mr. Joseph Gemini, set forth in the judicial opinions *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011), *IP Innovation L.L.C. v. RedHat Inc.*, 705 F. Supp. 2d 687 (E.D. Tex. 2010), or any other judicial opinion. Another court's discussion of testimony proffered by Mr. Gemini in cases completely unrelated to the instant case has no relevance to the damages due to Plaintiff should Autodesk be found to infringe. Any testimony, evidence, or statements would thus be highly misleading to the jury and highly prejudicial to Plaintiff. See Fed. R. Evid. 403.

Agreed _____

Granted _____

Denied _____

13. Using proffered claim constructions/interpretations from *Intergraph* Litigation. Autodesk should be precluded from using deposition testimony from the *Intergraph* Litigation, or from presenting live testimony, evidence, or statements by Autodesk's counsel specifically related to interpretation of claims, claim scope, proffered claim constructions, or adopted claim constructions regarding the underlying '393 Patent. The claims presently at issue as written – claims 14, 15, 108, and 114 of the '384 Patent – were not at issue or in existence during the *Intergraph* Litigation. Any opinion of any witness as to the proper construction or interpretation of a term from the '393 Patent is irrelevant under Fed. R. Evid. 401(b) and if relevant, could only serve to unduly prejudice Plaintiff per Fed. R. Evid. 403.

Agreed _____

Granted _____

Denied _____

14. <u>Presenting testimony on claim construction/interpretation inconsistent with Court's rulings</u>. Autodesk should be precluded from presenting any deposition testimony, live testimony, evidence, or statements by Autodesk's counsel that the claim terms presently at issue – in claims 14, 15, 108, and 114 of the '384 Patent – should be construed in any manner inconsistent with the Claim Construction Order issued by this Court in this litigation and from applying any construction other than the Court's construction in interpreting any claim for the purpose of opining on infringement or invalidity. Any such testimony, evidence, or attorney argument is irrelevant under <u>Fed. R. Evid. 401(b)</u> and if relevant, could only serve to unduly prejudice Plaintiff per <u>Fed. R. Evid. 403</u>.

Agreed _____

Granted _____

Denied _____

15. <u>Presenting testimony regarding claim interpretation by lay witnesses.</u> Autodesk should be precluded from using deposition testimony or from presenting/eliciting live testimony, evidence, or statements by Autodesk's counsel specifically related to interpretation of claims, claim scope, proffered claim constructions, or adopted claim constructions of the claims of the '384 Patent by any person other than an expert witness. The meaning of disputed claim terms has been determined by the Court as a matter of law and any opinion of a lay witness on the application of the meaning of those terms to the claims usurps the function of the jury. Any opinions of any lay witness as to proper construction of a claim or application of a construction

as it relates to the meaning of the claims, infringement or invalidity is irrelevant under Fed. R. Evid. 401(b) and if relevant, could only serve to unduly prejudice Plaintiff per Fed. R. Evid. 403.

   Agreed _____

   Granted _____

   Denied _____

   16. Using deposition testimony from *Intergraph* Litigation. Autodesk should be precluded from the use of actual deposition testimony of any sort from the *Intergraph* Litigation. Autodesk's Deposition Designations include designations from depositions of the three named inventors of the '384 Patent (and '393 Patent) taken in 1998 during the *Intergraph* Litigation. See Dkt. No. 234. Such testimony is not relevant to the claims at issue in this litigation. See Fed. R. Evid. 401. In addition to precluding the use of deposition testimony from the *Intergraph* Litigation, discussion in any way of the *Intergraph* Litigation should exclude anything other than testimony related to a procedural explanation of the outcome of that litigation and the results and rulings of the courts involved therein.

   Agreed _____

   Granted _____

   Denied _____

   17. Using testimony of Paul Storm from the bench trial. Autodesk should be precluded from using Paul Storm's testimony or referencing the fact of his testimony from the bench trial. Such use or reference is irrelevant to the issues of the jury trial and should be excluded pursuant to Fed. R. Evid. 401 and/or would be unfairly prejudicial to American Imaging under Fed. R. Evid. 403 by opening the door for jury confusion as to Mr. Storm's role as counsel versus his role as a witness/participant in certain events.

Agreed _____

Granted _____

Denied _____

18. <u>Discussing testimony of witness who will not testify</u>. Autodesk should be precluded from mentioning or stating to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this case. Any such mention would be highly prejudicial to Plaintiff.

Agreed _____

Granted _____

Denied _____

19. <u>Discussing Plaintiff's fee agreement</u>. Autodesk should be precluded from making any reference, either through testimony, documentary evidence, or attorney argument, to the fee agreement between Plaintiff and its attorneys or the fee structure in place therein, other than to the extent of establishing that Plaintiff has agreed to compensate his attorneys.

Agreed _____

Granted _____

Denied _____

### III. Prayer

Plaintiff respectfully asks this Court to instruct the Defendant and its counsel not to mention, refer to, interrogate or attempt to convey to the jury in any manner, either directly or indirectly, any of the above enumerated matters without first obtaining the permission of the Court. Plaintiff further asks the Court to instruct Defendant and its counsel not to make any reference to the fact that this Motion has been filed and granted and to warn and caution each of its witnesses to strictly follow the same instructions.

Dated: September 23, 2013 Respectfully Submitted,

/s/ Paul V. Storm
Paul V. Storm
  State Bar No. 19325350
pvstorm@gardere.com
Sarah M. Paxson
  State Bar No. 24032826
spaxson@gardere.com
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX  75201
214.999.3000 (phone)
214.347.4667 (fax)

Jonathan T. Suder
  State Bar No. 19463350
jts@fsclaw.com
Todd I. Blumenfeld
  State Bar No. 24067518
blumenfeld@fsclaw.com
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817.334.0400 (phone)
817.334.0401 (fax)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically and served on counsel of record via CM/ECF on September 23, 2013.

/s/ Paul V. Storm

Paul V. Storm