IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IMAGING SERVICES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:09-cv-733-M |
| | § | |
| AUTODESK, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is the Motion to Exclude the Testimony of Plaintiff's Experts Paul Storm, Joseph Gemini, and Tipton Cole, filed by Defendant Autodesk, Inc. ("Autodesk") [Docket Entry #197]. The parties have agreed that, due to his testimony at the first phase of the trial, the Motion is moot with respect to Paul Storm. Accordingly, Defendant's Motion to Exclude the Testimony of Paul Storm is **DENIED** as moot. Given that the trial in this case will again be bifurcated into two additional phases, one for liability and one for damages, Defendant's Motion to Exclude the Testimony of Joseph Gemini, Plaintiff's damages expert, is **DENIED** without prejudice. For the reasons stated herein, Defendant's Motion to Exclude the Testimony of Tipton Cole, Plaintiff's invalidity expert, is **DENIED.**

I.  Background

Plaintiff American Imaging Services, Inc. ("American Imaging") is the owner by assignment of U.S. Patent No. RE 40,384E ("the '384 Patent"), entitled "Apparatus and Method for Manipulating Scanned Documents in a Computer Aided Design System." Succinctly stated, the '384 Patent covers a method for manipulating scanned documents, such as blueprints and design drawings, in a computer-aided design, or "CAD," software program and further aids in the display, scaling, editing, and reproduction of images created from the scanned documents.

By this lawsuit, American Imaging alleges that certain software products manufactured and sold by Autodesk under the brand names "AutoCAD" and "AutoCAD Raster Design" infringe one or more claims of the '384 Patent. Autodesk denies any infringement and contends that the patent-in-suit is invalid and unenforceable for a variety of reasons. Autodesk has filed a motion to exclude the opinions of American Imaging's expert on invalidity, Tipton Cole, with respect to the functionality of Macintosh-based computer systems, asserting that such opinions are incorrect and unreliable. The issues have been fully briefed by the parties, and this matter is ripe for determination.

## II.  Legal Standard

The trial court acts as a "gatekeeper" to exclude expert testimony that does not meet the relevancy and reliability threshold requirements. In this role, the trial court determines the admissibility of expert testimony based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Accordingly, opinion testimony is not admissible unless: The witness is qualified "as an expert by knowledge, skill, experience, training, or education," and the witness's reasoning or methodology underlying the opinion testimony is scientifically reliable, and the testimony is relevant—that is, it assists the trier of fact to understand the evidence or to determine a fact at issue. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591–93.

To satisfy the reliability prong of *Daubert* under Rule 702, an expert's opinion testimony must be based upon "sufficient facts or data" and must be "the product of reliable principles and methods" that are reliably applied to the facts of the case. As the Fifth Circuit has confirmed, the reliability requirement applies to methodology, the facts underlying the expert's opinion, and the

link between the facts and the conclusion.  *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 355 (5th Cir. 2007).

### III. Analysis

Defendant argues under Rule 702 that Cole's opinion that prior art references identified by Autodesk do not disclose "coordinates referenced to a vector origin," should be excluded because that opinion is incorrect and unreliable.  Cole contends that there are two distinct types of design coordinate systems: raster-based coordinate systems and vector-based coordinate systems, the latter of which use a "vector origin" and "coordinates referenced to a vector origin."  Cole Report, 14–15.  Cole opines that the "QuickDraw library," an Apple Macintosh graphics library, uses a raster-based coordinate system, and accordingly, does not utilize a "vector origin" or "coordinates referenced to a vector origin."  Cole Report, 14–15.  Therefore, Cole argues, prior art references like SuperPaint, which use the QuickDraw library, do not incorporate a "vector origin" or use "coordinates referenced to a vector origin" as taught by the '384 patent, "but instead merely a drawing origin based on a raster coordinate system."  Pl.'s Opp'n 17; Cole Report, 23–25.

Autodesk argues that Cole's opinion conflicts with the Federal Circuit's findings concerning SuperPaint in *American Imaging Services, Inc. v. Intergraph Corporation*. 2000 U.S. App. LEXIS 13949, at *13, *18 (Fed. Cir. June 12, 2000).  American Imaging responds that the findings in *Intergraph* with respect to SuperPaint are not relevant because the Federal Circuit did not address whether SuperPaint uses "coordinates referenced to a vector origin," since those terms only appear in the reissued '384 patent, not the predecessor to the '384 patent, U.S. Patent No. 5,353,393.  However, the *Intergraph* court did find that SuperPaint teaches the art of "modifying the raster image using vector commands and merging and editing the raster image

Page **3** of **5**

and the vector changes[.]" *Id.*  Thus, the issue is whether the SuperPaint uses a vector coordinate system with a vector origin, thereby undermining Cole's opinion.

This, however, is a question for the fact finder, rather than for the Court in its role as a gatekeeper.  In his expert report, Cole states that Autodesk's proposed prior art can show "vector objects," and that these vector objects can be drawn and re-drawn using "vector display methods," but that they are not based on a "vector origin."  Cole Report 16.  Cole does not contend that SuperPaint does not use vector commands, but rather that in SuperPaint, the coordinates that determine the drawing of such "vector objects" are pixel-based screen coordinates, rather than coordinates referenced to a vector origin.  Cole Report 16, 23–24.  Moreover, Plaintiff argues that the '384 Patent was specifically amended to include "coordinates referenced to a vector origin" to distinguish the reissued patent from SuperPaint.  Pl.'s Supp. Br. 2–3.  American Imaging and Cole have offered a sufficiently reliable basis for Cole's conclusion that while SuperPaint may use vector commands, it does not use "coordinates referenced to a vector origin."  Any further evaluation of that conclusion is a matter for the finder of fact to determine.  *Viterbo v. Dow Chemical Co.,* 826 F.2d 420, 422 (5th Cir. 1987).

Accordingly, the Court finds that Cole's opinion is not precluded by the Federal Circuit's finding in *Intergraph*.  While Autodesk may disagree with the basis of Cole's opinion, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993).  Therefore, Defendant's Motion to Exclude the Testimony of Tipton Cole is **DENIED**.

**SO ORDERED**.

September 26, 2013.

                                    **BARBARA M. G. LYNN**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **NORTHERN DISTRICT OF TEXAS**