# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| AMERICAN IMAGING SERVICES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 3:09-CV-733-M |
| AUTODESK, INC., | |
| Defendant; | |
| AUTODESK, INC., | |
| Counterplaintiff, | |
| v. | |
| AMERICAN IMAGING SERVICES, INC., | |
| Counterdefendant. | |

## AUTODESK'S RESPONSES TO AISI'S MOTIONS *IN LIMINE*

# TABLE OF CONTENTS

1.      "Presenting bifurcated issues to jury"...................................................................1

2.      "Presenting facts related to inequitable conduct" ....................................................2

3-6.    "Presenting facts related to laches, spoliation, equitable intervening
        rights, unclean hands"........................................................................................4

7.      "Presenting testimony of undisclosed corporate representatives"...........................6

8.      "Presenting expert testimony not included in an expert report"..............................6

9.      "Presenting evidence without proper foundation"...................................................7

10.     "Presenting evidence on non-pled issues"..............................................................8

11.     "Using previously undisclosed prior art references"...............................................8

12.     "Presenting testimony about unrelated opinions of Plaintiff's damages
        expert".................................................................................................................9

13-15.  "Using proffered claim construction/interpretation from Intergraph
        litigation"; "Presenting testimony on claim construction/interpretation
        inconsistent with Court's rulings"; "Presenting testimony regarding claim
        interpretation by lay witnesses"..........................................................................10

16.     "Using deposition testimony from *Intergraph* litigation" ......................................12

17.     "Using testimony of Paul Storm from the bench trial"............................................14

18.     "Discussing testimony of witness who will not testify"..........................................16

19.     "Discussing Plaintiff's fee agreement".................................................................17

## TABLE OF AUTHORITIES

### Cases

*Abtox, Inc. v. Exitron Corp.*,
   131 F.3d 1009 (Fed.Cir.1997) ............................................................................ 12

*Aventis Pharma S.A. v. Hospira, Inc.*,
   675 F.3d 1324 (Fed. Cir. 2012) ............................................................................ 3

*Elementis Chromium v. Coastal States Petroleum Co.*,
   450 F.3d 607 (5th Cir. 2006) ............................................................................... 8

*Estate of L.B. Wilson v. Mariner Heath Care, Inc.*,
   No. 07-CV-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) .................. 6

*Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*,
   2004 WL 406999, at *1 (N.D. Ill. Feb. 26, 2004) ............................................. 10

*Omega Eng'g, Inc. v. Raytek Corp.*,
   334 F.3d 1314 (Fed. Cir. 2003) ......................................................................... 11

*Schoenhaus v. Genesco, Inc.*,
   440 F.3d 1354 (Fed. Cir. 2006) ......................................................................... 11

*Scordill v. Louisville Ladder Group, LLC*,
   2004 WL 307475, at *1 (E.D. La. Feb. 17, 2004) ............................................. 10

*Superior Diving Co., Inc. v. Watts*,
   2008 WL 533804, at *1 (E.D. La. Feb. 22, 2008) ............................................. 13

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) ........................................................................... 2

*U.S. v. Seale*,
   600 F.3d 473 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 163, (2010) ................... 7

*U.S. v. Skilling*,
   2006 WL 1155566, at *1 (S.D. Tex. Apr. 27, 2006) ......................................... 13

*Voice Techs. Group, Inc. v. VMC Sys., Inc.*,
   164 F.3d 605 (Fed. Cir. 1999) ........................................................................... 11

**Statutes**

35 U.S.C. § 282..................................................................................................................7, 9

**Rules**

Fed. R. Civ. P. 26(a)(2)(B)(v)............................................................................................9

Fed. R. Civ. P. 26(a)(3)(A)(iii) .........................................................................................12

Fed. R. Civ. P. 32.............................................................................................................17

Fed. R. Civ. P. 32(a)(3).....................................................................................................2

Fed. R. Evid. 801(d)(2)......................................................................................................16

Fed. R. Evid. 804(b)...........................................................................................................17

On September 23, 2013, AISI filed nineteen Motions *in limine*, generally seeking to prevent Autodesk from offering "certain evidence" and "facts related to" various issues "either directly or indirectly, within the hearing of the jury." *See* ECF No. 301. Autodesk subsequently conferred with AISI in an effort to understand the specific facts and evidence that were the subject of AISI's various Motions *in limine*, but AISI's counsel was unable to articulate which specific evidence was at issue in most of AISI's Motions as of September 27, 2013. AISI's counsel was also unable to identify the nature of the prejudice for most of its Motions *in limine* or why they could not be handled by rulings from the Court on objections raised on specific pieces of evidence during trial. The areas on which the parties were able to reach agreement and the disputes that still remain are set forth below.

### 1. "Presenting bifurcated issues to jury"

During the parties' meet and confer, AISI advised that this Motion *in limine* was no different from Autodesk's Motion *in limine* No. 12 to preclude any reference to the Court's rulings from the first phase bench trial.[1] *See* ECF No. 302-12. Autodesk has agreed not to mention "inequitable conduct," "laches," "spoliation," "equitable intervening rights," and "unclean hands" and also agreed not to raise the fact that these claims were tried during the first phase bench trial or refer to the Court's rulings from that trial. To the extent there is anything to AISI's Motion beyond that which Autodesk has agreed to, Autodesk opposes, particularly in view of AISI's failure and inability to identify the specific evidence that is the subject of its *in limine* request.

---

[1]     Subject to confirmation with other attorneys for AISI, AISI's counsel who participated in the meet and confer agreed that Autodesk's proposal with respect to this Motion was reasonable. AISI also agreed to Autodesk's Motion *in limine* No. 12 during the meet and confer, subject to its request that the Court advise the jury that there was a previous phase trial without referencing the claims or rulings. Although Autodesk does not see the need for such an instruction, it does not object to AISI's request.

To the extent AISI is seeking to prevent Autodesk from presenting facts or evidence that were presented at the first phase bench trial that are also relevant to the issues to be addressed by the jury,[2] such as those identified in its Motion *in limine* Nos. 2-6 addressed below, Autodesk further opposes.  Autodesk's presentation of relevant evidence to the jury is not prejudicial simply because such evidence was also presented at the first phase bench trial, and AISI failed to explain both in its Motion and during the meet and confer why a ruling or instruction by the Court could not address any objection that AISI may raise with respect to specific evidence during trial.  Accordingly, other than as agreed between the parties, Autodesk requests that the Court deny AISI's vague Motion.

### 2.   "Presenting facts related to inequitable conduct"

As advised with respect to AISI's Motion *in limine* No. 1, Autodesk has agreed not to mention the fact that its claim of inequitable conduct was tried in the first phase bench trial, and AISI has agreed not to reference the Court's ruling.  AISI, however, further seeks to broadly preclude Autodesk from presenting "any testimony related to" and "facts related to" inequitable conduct, regardless of their relevance to the issues to be tried before the jury.

With respect to the pieces of evidence that AISI has actually identified-- the fact of Mr. Opincar's demonstration of SuperPaint prior art to the PTO, Mr. Opincar's 30(b)(6) deposition in which he testifies about and demonstrates what he showed the PTO regarding the alleged difference between the prior art and the claimed invention,[3] Mr. Snider's

---

[2]       AISI has conceded that evidence relating to Autodesk's invalidity case was presented at the first phase bench trial in support of the materiality prong of Autodesk's inequitable conduct defense.  *See* Pl.'s Opp'n to Mot. for Leave, ECF No. 293 at 1 (acknowledging that Autodesk "previewed its invalidity case during the April 2013 bench trial"); *see also Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1292 (Fed. Cir. 2011) ("[o]ften the patentability of a claim will be congruent with the validity determination").

[3]       Mr. Opincar's 30(b)(6) deposition is admissible.  *See* Fed. R. Civ. P. 32(a)(3) ("An

demonstration of that same prior art and its undisputed disclosure, and AISI's statements against interest regarding on-sale bar-- each of these items is highly relevant and probative with respect to both invalidity and non-infringement. Presenting evidence regarding the scope of prior art is a predicate to proving invalidity as well as for inequitable conduct, which necessarily rest on common facts. *See, e.g., Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1334 (Fed. Cir. 2012) ("when a claim is properly invalidated in district court based on the deliberately withheld reference, then that reference is necessarily material for purposes of the inequitable conduct inquiry"). Where, as here, the jury will determine the invalidity of the asserted claims based on the same prior art references at issue in Autodesk's inequitable conduct defense, logically much of the same evidence will need to be submitted in the jury trial. As with most of its Motions *in limine*, AISI has not articulated any reason why presentation of any of this evidence would be unfairly and incurably prejudicial.

For example, Mr. Opincar's deposition testimony including his demonstration of SuperPaint is probative of the lack of any difference between the claimed method of "maintaining in registration" and the prior art, which is relevant to at least Autodesk's invalidity positions. In addition, the video demonstrations of the prior art created by the inventor of SuperPaint are relevant to show the operation of the prior art software and visually demonstrate that SuperPaint disclosed each limitation of the claimed method. Moreover, if AISI argues to the jury that certain prior art *was* considered by the PTO during the prosecution of the '384 reissued patent, then Autodesk is certainly entitled to inform the jury

---

adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).").

about information relating to that prior art that *was not* considered by the PTO during that prosecution.

The fact that evidence may not be favorable to AISI does not constitute unfair prejudice.  There is certainly no basis for AISI's blanket request for exclusion of all other unidentified facts and testimony from the bench trial, especially since the Court has not yet issued any findings of fact regarding the equitable claims that were tried at the first phase bench trial.  Thus, Autodesk respectfully requests that the Court deny this motion subject to Autodesk's agreement that it will not mention the words "inequitable conduct" or address the fact that this claim was tried during the first phase bench trial.

### 3-6.  "Presenting facts related to laches, spoliation, equitable intervening rights, unclean hands"

Without even identifying all of the specific evidence or testimony sought to be excluded, AISI's Motions *in limine* Nos. 3-6 seek to preclude Autodesk from "soliciting any testimony" or "making any mention of" any facts that are "related to" various claims that were tried in the first phase bench trial, even though such facts are also relevant to the issues to be tried to the jury.  For example, numerous "facts related to" Autodesk's claim of laches, *see* Autodesk's Proposed Findings, *see* ECF No. 277 at 1-20, are relevant to the issues to be presented to the jury, such as Autodesk's on-sale bar defense and any secondary considerations of non-obviousness.  Furthermore, AISI's broad and vague *in limine* requests would even capture stipulated facts relating to the parties and AISI's own proposed findings of fact.  *See* Joint Pretrial Order, Stipulated Fact Nos. 1-3, 12, ECF No. 237 (AISI "was formed in 1986 to provide document scanning and conversion services and ceased conducting regular business operations in January of 1990."); AISI's Proposed Findings ¶¶ 2, 7, 8, 10, 12, 14, ECF No. 276.

Where AISI does provide subjects for which it seeks to prevent Autodesk from soliciting testimony or presenting facts-- such as facts related to when AISI first learned of its infringement claim against Autodesk and facts related to why AISI did not assert the '393 patent against Autodesk-- AISI still only identifies broad categories that could encompass evidence relating to the disclosure of AutoCAD as prior art and AISI's inability to license or sell its patent, both of which are relevant at least to on-sale bar and obviousness. With respect to the last subject, the "materials" that AISI purports to have sent to Autodesk in 1995, AISI was unable to even identify what those materials are during the meet and confer, and Autodesk is not in a position to respond specifically. However, to the extent AISI is referring to materials allegedly provided to Autodesk by PriceWaterhouse, Autodesk has agreed not to reference any such materials.

With respect to the subjects related to spoliation identified by AISI, Autodesk agrees not to reference Mr. Opincar's prior lawsuits and the WORM disk containing Luna Link or Luna Edit source code recovered as a result of Mr. Opincar's lawsuits against Eagle Picher and Wylie McDonald. Autodesk will also not reference the fact that Paul Storm had "re-located" 27 boxes of documents from the prior litigation involving the '393 patent which Mr. Storm had previously testified consisted only of duplicates that were shredded by his paralegal during his 30(b)(6) deposition on behalf of AISI. Autodesk otherwise opposes AISI's vague request that the Court exclude any "facts related to" documents or materials that were either not preserved or destroyed by AISI or any "facts related to" AISI's production of documents in this litigation because many such facts pertain to at least the credibility of potential trial witnesses as well as information related to prior art. Moreover, Autodesk does not know-- and even AISI's counsel did not know during the meet and confer-- what specific facts or

pieces of evidence are sought to be excluded. *See, e.g., Estate of L.B. Wilson v. Mariner Heath Care, Inc.*, No. 07-CV-55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) (striking plaintiff's "highly vague" and "improper shotgun motion" because motions in limine "should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection").

Consistent with the parties' agreement with respect to AISI's Motion *in  limine* No. 1 and Autodesk's Motion *in limine* No. 2, Autodesk agrees not to mention the word "laches," "spoliation," "equitable intervening rights," and "unclean hands" or reference that these claims were tried in the first phase bench trial, and AISI will not reference the Court's ruling from the bench trial.  Except as agreed, Autodesk respectfully requests that the Court deny AISI's Motions *in limine* Nos. 3-6.

### 7.        "Presenting testimony of undisclosed corporate representatives"

While Autodesk does not intend to call any witnesses that were not listed on either party's witness list, AISI's request that the Court issue an *in limine* order to preclude Autodesk "from calling" witnesses is improper because there can be no prejudice by virtue of a party calling a witness.  To the extent either party objects to a witness that the other party calls as a witness, the Court will rule on that objection to allow or not allow that witness to testify.   Autodesk has no idea, nor did AISI's counsel during the meet and confer, which witness(es) AISI is seeking to exclude by its Motion.  Accordingly, Autodesk respectfully requests that the Court deny AISI's Motion *in limine* No. 7.

### 8.        "Presenting expert testimony not included in an expert report"

Pursuant to the Court's rulings at the September 6, 2013 hearing, expert testimony at trial for both sides will be limited to the opinions set forth in the parties' expert reports.  *See*

Sept. 6, 2013 Hearing Tr. 64:11-20.  AISI's Motion requests that the Court issue a pre-trial

order that Autodesk's experts are further limited to the "specific opinions" set forth in those

reports.[4]  The impropriety of AISI's request was already demonstrated at the bench trial where

numerous objections raised by AISI that various opinions were not set forth in expert reports

were overruled because those opinions were in fact included in the reports, contrary to AISI's

contention.  Moreover, contrary to AISI's request, experts may properly incorporate or

respond to evidence or testimony given at trial.  *See, e.g.*, *U.S. v. Seale*, 600 F.3d 473, 490-

491 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 163, (2010) (upholding admission of expert

testimony based on other testimony at trial because "Fed. R. Evid. 703 contemplates that an

expert may base his opinion on facts or data presented at trial.").

In light of the inevitable disagreements between the parties on whether opinions were

disclosed in expert reports, AISI's motion should be addressed by objections to the scope of

expert testimony at trial, rather than by a blanket *in limine* order, the scope of which remains

unclear.  Thus, Autodesk respectfully requests that the Court deny AISI's motion as improper

and premature.

### 9.    "Presenting evidence without proper foundation"

AISI's request that the Court issue a blanket pretrial order that would preclude

Autodesk from presenting any evidence that AISI may contend to be "without proper

---

[4]    As an example of AISI's request, AISI points to expert testimony relating to prior art references "disclosed for the first time in Autodesk's notice pursuant to 35 U.S.C. § 282."  *See* ECF No. 301 at 6.  Not only is this request contrary to the purpose of 35 U.S.C. § 282, which provides its own remedy for failure to disclose prior art patents and publications, but also illogical in that Autodesk's experts could not have opined on patents and publications in their expert reports if those patents and publications were disclosed for the first time thirty days before the bench trial.  First, AISI does not specify which references it contends were disclosed for the first time in Autodesk's § 282 notice.  Second, as Autodesk has advised AISI, Autodesk will not be presenting expert testimony on prior art that was not disclosed in expert reports.

foundation" is not a proper motion *in limine*.  AISI will not be unfairly and incurably prejudiced by the Court ruling on objections and admissibility during trial to the extent the parties dispute the existence of foundation for a particular piece of evidence or testimony to be presented, especially in view of the fact that AISI was unable to identify any specific evidence that would be affected during the parties' meet and confer, similar to most of its Motions *in limine*.  Thus, Autodesk respectfully requests that the Court deny this motion as improper and premature.

10.    **"Presenting evidence on non-pled issues"**

Pursuant to the Court's Second Amended Patent Scheduling Order, ECF No. 209, and Local Rule 16.4, Autodesk properly summarized its claims and defenses in the Joint Pretrial Order.  *See* ECF No. 237 at 3-4.  Thus, there are no "non-pled issues" subject to this Motion *in limine*.  *See Elementis Chromium v. Coastal States Petroleum Co.*, 450 F.3d 607, 611 (5th Cir. 2006) ("it is well established that a party has presented an issue in the trial court if that party has raised it in either the pleadings or the pretrial order, or if the parties have tried the issue by consent.").  Even if Autodesk were required to identify all of the specific "allegations" related to each of its contentions summarized in the pretrial order, which it is not, AISI has failed to identify any "allegation" related to any affirmative defenses or counterclaims that is not reflected in the Joint Pretrial Order.  Nor has AISI identified any prejudice that would result from Autodesk seeking to present any evidence that AISI believes to be related to a "non-pled" issue, or the Court ruling on any objections to such evidence.  Thus, Autodesk respectfully requests that the Court deny AISI's motion.

11.    **"Using previously undisclosed prior art references"**

Contrary to AISI's characterization of this Motion *in limine* as seeking the preclusion of "undisclosed" prior art references, all of the prior art listed on Autodesk's Notice pursuant

to 35 U.S.C. § 282 was either produced by Autodesk, produced by AISI, produced by third parties to AISI and then produced to Autodesk, or produced by third parties to Autodesk and then produced to AISI.  During the meet and confer, AISI clarified that what AISI actually seeks to exclude are the prior art references listed on Autodesk's § 282 Notice that AISI had produced to Autodesk with multiple bates numbers.  Autodesk had indexed and identified those references based on one set of bates numbers on those documents, and AISI's counsel had apparently indexed those documents based on a different set of bates numbers.  Since these documents were produced by AISI, they are not undisclosed.  In addition to the fact that it would be equally burdensome for Autodesk to cross-reference the different sets of bates numbers on AISI's documents as it would be for AISI to do so for these documents that AISI had produced with multiple set of bates numbers, this is hardly a proper basis for a Motion *in limine*.  AISI has not demonstrated any prejudice, much less prejudice that could justify the extreme remedy of preclusion of Autodesk's use of prior art references properly identified on its section 282 Notice simply because AISI does not wish to create its own cross-reference index of bates numbers that AISI had used for its own documents.  Autodesk respectfully requests that the Court deny this motion.

### 12.    "Presenting testimony about unrelated opinions of Plaintiff's damages expert"

AISI has provided no reason why questioning its proposed damages expert, Mr. Joseph Gemini, regarding previous cases in which his opinions were excluded would be "highly misleading" or "highly prejudicial."  It is well settled that an expert's prior opinions and prior testimony are relevant evidence and the proper subject of examination, particularly testimony in prior cases involving similar claims.  *See* Fed. R. Civ. P. 26(a)(2)(B)(v) (requiring the expert to provide "a list of all other cases in which, during the previous 4 years,

the witness testified as an expert at trial or by deposition.").  The rationale behind this rule is

that a party is entitled to explore "potential inconsistencies between the views [the expert]

intends to express in the underlying case and the testimony and opinions he has given, and the

damages theories and methodologies he had adopted" in prior cases or on related subjects.

*See Expeditors Int'l of Washington, Inc. v. Vastera, Inc.*, 2004 WL 406999, at *2 (N.D. Ill.

Feb. 26, 2004); *see also Scordill v. Louisville Ladder Group, LLC*, 2004 WL 307475, at *12

(E.D. La. Feb. 17, 2004) ("Use of the previous exclusion of an expert's testimony is

permissible to impeach the credibility and credentials of the expert.").  Given that AISI is

proffering Mr. Gemini as an expert to the jury based on his background and experience in

"licensing and damage analysis in intellectual property litigation in particular," *see* Gemini

Report ¶ 4, Trial Ex. 190 at 2, Autodesk is entitled to explore his expertise in that area and

challenge the credibility of those previous analyses.  Thus, Autodesk respectfully requests that

the Court deny this motion.

> **13-15.  "Using proffered claim constructions/interpretations from Intergraph
> litigation"; "Presenting testimony on claim construction/ interpretation inconsistent with
> Court's rulings"; "Presenting testimony regarding claim interpretation by lay
> witnesses"**

Autodesk agrees that neither party should be allowed to argue to the jury that claim

terms "should be construed in any manner inconsistent" with the Court's Claim Construction

Order.  However, the Court has only construed a small number of claim terms in this

case.  *See* Court's Claim Construction Order, ECF No. 177, 177-1.  For the jury to decide the

issues of infringement and invalidity issues in the liability phase of the jury trial, the meaning

of other claim terms that were not construed by the Court and how they would be understood

by a person of ordinary skill in the art are nonetheless relevant and must be presented.  To that

end, in addition to the explanations offered by the experts, the interpretation of AISI and the

named inventors are relevant and proper evidence for the jury to consider.  *See Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1358 (Fed. Cir. 2006) ("The patentee is free to act as his own lexicographer, and may set forth any special definitions of the claim terms in the patent specification or file history, either expressly or impliedly.").  The testimony of inventors in particular can place claim terms in the context of the asserted claim for the jury, regardless of whether the Court construed those terms or not.  *See Voice Techs. Group, Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999) ("testimony of the inventor may … provide background information").

AISI's incorrect argument that "[a]ny opinion of any witness as to the proper construction or interpretation of a term from the '393 Patent is irrelevant" conflates the concept of construction of claim terms with the scope of the claims themselves.[5]  *See* AISI Mot. in Limine, ECF No. 301 at 8 ("The claims presently at issue as written – claims 14, 15, 108, and 114 of the '384 Patent – were not at issue or in existence during the *Intergraph Litigation*.").  Even though claim 14 in the '384 reissued patent has the additional "maintain in registration" limitation, the claim otherwise remained unchanged from claim 14 of the original '393 patent, including all of the remaining terms such as "vector-based image" and "predetermined positions."  *See Omega Eng'g, Inc. v. Raytek Corp.*, 334 F.3d 1314, 1334 (Fed. Cir. 2003) ("we presume, unless otherwise compelled, that the same claim term in the same patent or related patents carries the same construed meaning").  Moreover, because no

---

[5]        Notwithstanding AISI's legally erroneous attempts to characterize the '384 reissued patent and the original '393 patent as separate unrelated patents, as a reissued patent, the '384 reissued patent is limited to the disclosure of the original '393 patent, to which new matter may not be added.[5]  The arguments made during the prosecution of the original '393 patent also impact the scope of the claims of the '384 reissued patent.  *See In re Mostafazadeh*, 643 F.3d 1353, 1358 (Fed. Cir. 2011) ("patentee may not regain through patent reissue the subject matter that he surrendered in an effort to obtain allowance of the original claims").

claim terms that were construed by the court in the *Intergraph* litigation were also construed by this Court, there is no risk of confusion or prejudice.  As such, the testimony of inventors and AISI from the *Intergraph* litigation regarding the claim terms of the '393 patent is relevant and proper for the jury to consider.  *See Abtox, Inc. v. Exitron Corp.*, 131 F.3d 1009, 1010 (Fed.Cir.1997) ("Although these claims have since issued in separate patents, it would be improper to construe this [same] term differently in one patent than another, given their common ancestry.")

While Autodesk agrees that neither party should be allowed to offer testimony that contradicts the Court's construction in this case, whether trial testimony will be "inconsistent" with the Court's construction cannot possibly be known in advance and should not be subject to an *in limine* order.  Both AISI and Autodesk each have opportunities to explain to the jury how the Court's claim constructions are to be applied to the issues they will be asked to decide, and AISI does not show how that would create any prejudice to either party.  Thus, Autodesk respectfully requests that the Court deny AISI's Motions *in limine* Nos. 13, 14, and 15.

### 16.    "Using deposition testimony from *Intergraph* Litigation"

To the extent AISI had any grounds to object to the deposition testimony from the Intergraph litigation, AISI was required to make that objection on April 3, 2013 in response to Autodesk's deposition designations pursuant to Fed. R. Civ. P. 26(a)(3)(A)(iii).  *See* Second Amended Patent Scheduling Order ¶ 10, ECF No 209 at 4.  Having failed to raise such objection to Autodesk's designations of inventor deposition testimony from the June 4, 1998 deposition of Paul Bennett and April 24,1998 deposition of Wylie McDonald, those relevance objections that AISI belatedly seeks to raise through its improper motion *in limine* have been waived.  *See, e.g.*, AISI Objs. & Counterdesignations, ECF No. 249 at 1 (listing no objections

to the first four designations from Paul Bennett's 1998 deposition).  Even if AISI had not

waived those objections, pursuant to the Joint Pretrial Order, any disputes regarding the

admissibility of particular deposition designations are to be presented "to the Court on the day

of their intended use at a time appropriate and before the testimony is to be presented."  *See*

ECF No. 237, ¶ VI.E.7.

On the only basis identified by AISI to support its extreme request for a blanket *in limine*

order covering all of the testimony from the Intergraph litigation is its contention that such

testimony is "not relevant to the claims at issue in this litigation," without further explanation.

*See* ECF No. 301 at 10.  As set forth above, the '393 patent and the '384 reissued patent are

not unrelated separate patents such that testimony involving the original patent is irrelevant to

the reissued patent.  For example, the prior testimony of the named inventors during the prior

Intergraph litigation is relevant to several invalidity issues including at least obviousness and

on-sale bar, in addition to clarifying the meaning, context, and scope of the claims.

Furthermore, AISI fails to even explain why it would be improper to use the Intergraph

deposition testimony for purposes of impeaching live witnesses, why the use of the Intergraph

deposition testimony would be prejudicial in any way, or why the testimony would be

inadmissible on any basis other than a supposed lack of relevance.  *See Superior Diving Co.,

Inc. v. Watts*, 2008 WL 533804, at \*2 (E.D. La. Feb. 22, 2008) (Rule 32(a)(3) "allows a

party's deposition to be used by an adverse party regardless of the presence or absence of the

deponent at the hearing or trial and regardless of whether the deponent is available to testify

or has testified there."); *see also U.S. v. Skilling*, 2006 WL 1155566, at \*2 (S.D. Tex. Apr. 27,

2006) (admitting testimony in prior proceedings where the questioner was "on the same side

of the same issue at both proceedings" and had a "substantially similar interest in asserting and prevailing on the issue.").

By its additional request that the Court preclude "discussion in any way of the *Intergraph* Litigation" except for "a procedural explanation of the outcome of that litigation and the results and rulings of the courts involved therein," AISI acknowledges that at least the "results and rulings" from the Intergraph Litigation are relevant to the issues to be considered by the jury. *See* ECF No. 301 at 10. Because AISI's lack-of-relevance contention is clearly erroneous and AISI provides no reason why presentation of such probative evidence from the Intergraph litigation to the jury would cause any prejudice, Autodesk respectfully requests that the Court deny this motion.

### 17. "Using testimony of Paul Storm from the bench trial"

In light of the Court's recent determination that "whether SuperPaint uses a vector coordinate system with a vector origin" will be a "question for the fact finder," *see* Sept. 26, 2013 Mem. Op. at 4, AISI should not be allowed to exclude the testimony of its patent prosecution counsel on that exact issue and present an entirely different story to the jury than it presented to the Court during the bench trial.[6] AISI has already indicated that it intends to do exactly that. *See* AISI Supp. *Daubert* Resp. at 4 n.1, ECF No. 297 ("if the Court would find it helpful for any reason, Mr. Storm will provide a declaration stating that his comments on the *Intergraph* case were incorrect as a result of his incomplete/inaccurate recall from memory of that case at the time of his testimony."); *but see* Apr. 17, 2013 Trial Tr. 149:13-22 ("Q. And you're familiar with the [Federal Circuit] opinion? A. I am. Q. Very familiar? A.

---

[6]     As indicated Autodesk's related Motion *in limine*, ECF No. 302-12, Autodesk will not refer to Mr. Storm by name or indicate that AISI's patent prosecution counsel and litigation counsel are one of the same.

Yes, I am.…").  In view of AISI's argument that Paul Storm should be permitted to testify as

an expert at the bench trial because his testimony would be relevant to the disclosures of the

prior art references to be addressed, AISI should not now be permitted to exclude such

testimony as irrelevant to the disclosures of those same prior art references to be addressed in

connection with invalidity and non-infringement.  *See* AISI's Resp. to Daubert Mot. re Paul

Storm, ECF No. 213 at 2 (arguing that Paul Storm's proposed testimony "goes directly to the

elements of … but-for materiality of a reference").

Autodesk had agreed to AISI's request for bifurcation in 2011 subject to its reservation

of the right to use Mr. Storm's testimony in the second phase of the trial.  *See* Unopposed

Mot. Bifurcation, ECF No. 118 at 2 ("The parties have not reached an agreement regarding

the use of any such testimony in the second phase of the trial").[7]  The Court's bifurcation of

the inequitable conduct phase from the liability phase of the trial addressed in part Autodesk's

*Daubert* motion regarding Mr. Storm's expert testimony, *see* ECF No. 198, but as discussed

in that motion, Autodesk had been unable to discover the subject matter of Mr. Storm's

testimony outside the generic summary submitted in AISI's untimely supplemental Rule

26(a)(2) disclosure.  *See* AISI's Supp. Expert Disclosure, ECF No. 119.  During discovery,

AISI had only designated Mr. Storm as a 30(b)(6) witness on the subject of AISI's document

preservation, collection, and production.  Autodesk then elicited sworn testimony from Mr.

Storm on the stand that is highly relevant and probative of disputed facts relating to issues in

the liability phase of the trial.  *See, e.g.,* Apr. 17, 2013 Trial Tr. 106:1-3.  ("Q. …Can

SuperPaint 1.0 maintain registration between the raster image and vector-based image? A.

Yes."); 147:4-6, 147:18-24, 153:23-154:2, 154:3-17 ("Q. So predetermined reference position

or predetermined origin mean the same thing?  A. Right.…Q. So predetermined origin or vector origin means the same thing?  A. Yes.  Q. Predetermined origin or vector origin are all the same?  A. In this patent?  Q. Is that correct?  A. Yes.…Q. And SuperPaint disclosed a predetermined reference position.  A. The federal circuit found that this element was present. Q.  In SuperPaint?  A. Yes.…Q. So you agree that SuperPaint has a vector origin?  A. I believe the federal circuit found that.").

The reason that Autodesk had conditioned its agreement to bifurcation on the right to use Mr. Storm's testimony from the bench trial on inequitable conduct was to avoid this exact situation.  AISI argues that it would be prejudiced by presentation of Mr. Storm's testimony to the jury.  To the extent any prejudice exists by Autodesk's reference to previous testimony of AISI's patent prosecution counsel, AISI itself created this prejudice by choosing to use its prosecution counsel as litigation counsel.  AISI has already benefitted from bifurcation because it was able to present Mr. Storm's testimony regarding inequitable conduct outside the presence of the jury.  It should not reap additional benefits from bifurcation by excluding Mr. Storm's unhelpful testimony regarding the prior art and the disclosure of the '384 patent so that it can freely present contrary testimony to the jury.  Thus, Autodesk respectfully requests that the Court deny AISI's Motion subject to Autodesk's agreement not to call Mr. Storm as a witness and not to refer to Mr. Storm by name when using his relevant testimony admissible under at least Fed. R. Evid. 801(d)(2).

### 18.   "Discussing testimony of witness who will not testify"

AISI has not identified the subject or the grounds for this motion which seeks to exclude discussion of the "probable testimony" of a witness who is "absent, unavailable, or

---

[7]     Based on the procedural status of the case at that time, Magistrate Judge Kaplan had denied this motion to bifurcate, without prejudice.  *See* ECF No. 121.

not called to testify" in this case.   During the meet and confer, AISI was unable to provide

any examples of witnesses whose testimony would be discussed or who will be "absent,

unavailable, or not called to testify."  Consequently, Autodesk has no information as to what

evidence would be precluded if the Court were to grant AISI's nebulous motion.  Moreover,

AISI's motion would appear to prevent the use of the deposition testimony of a witness who is

unavailable in direct contradiction of Fed. R. Civ. P. 32 and Fed. R. Evid. 804(b).  Autodesk

therefore requests that the Court deny this motion.

> **19.    "Discussing Plaintiff's fee agreement"**

Autodesk agrees not to reference or discuss in front of the jury AISI's fee agreement

for this case or the fact that Mr. Storm and the other attorneys for AISI are being compensated

on a contingency fee basis with respect to the '384 reissued patent.


Dated:  September 30, 2013                     Respectfully submitted,


                                              _/s/  James P. Gagen_____
                                              E. Leon Carter
                                              Texas State Bar No. 03914300
                                              lcarter@carterstafford.com
                                              J. Robert Arnett II
                                              Texas State Bar No. 01332900
                                              barnett@carterstafford.com
                                              CARTER STAFFORD ARNETT HAMADA
                                                 & MOCKLER, PLLC
                                              8150 N. Central Expressway, Suite 1950
                                              Dallas, TX  75206
                                              Telephone:  (214) 550-8188
                                              Facsimile:  (214) 550-8185

                                              Jeannine Yoo Sano (*pro hac vice*)
                                              jsano@whitecase.com
                                              Eric E. Lancaster (*pro hac vice*)
                                              elancaster@whitecase.com
                                              Jason Xu (*pro hac vice*)
                                              jxu@whitecase.com
                                              James P. Gagen (*pro hac vice*)

jgagen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306-1209
Telephone:  (650) 213-0356
Facsimile:  (650) 213-8158

Attorneys for AUTODESK, INC.

## CERTIFICATE OF CONFERENCE

Autodesk hereby certifies that counsel for the parties met and conferred on September 27, 2013 and agreement was reached on several items, but agreement was not reached on most of the items addressed in Autodesk's September 23, 2013 Motions *in Limine* and AISI's September 23, 2013 Motions *in Limine* as set forth herein.  J. Robert Arnett and James Gagen attended this meet and confer on behalf of Autodesk, and Todd Blumenfeld and Sarah Paxson attended on behalf of AISI.

Dated:  September 30, 2013                     */s/ James P. Gagen*
                                              E. Leon Carter
                                              Texas State Bar No. 03914300
                                              lcarter@carterstafford.com
                                              J. Robert Arnett II
                                              Texas State Bar No. 01332900
                                              barnett@carterstafford.com
                                              Carter Stafford Arnett Hamada & Mockler, PLLC
                                              8150 N. Central Expressway, Suite 1950
                                              Dallas, TX  75206
                                              Telephone:  (214) 550-8188
                                              Facsimile:  (214) 550-8185

                                              Jeannine Yoo Sano (*pro hac vice*)
                                              jsano@whitecase.com
                                              Eric E. Lancaster (*pro hac vice*)
                                              elancaster@whitecase.com
                                              Jason Xu (*pro hac vice*)
                                              jxu@whitecase.com
                                              James Gagen (*pro hac vice*)
                                              jgagen@whitecase.com
                                              White & Case LLP
                                              3000 El Camino Real
                                              5 Palo Alto Square, 9th Floor
                                              Palo Alto, CA  94306-1209
                                              Telephone:  (650) 213-0356
                                              Facsimile:  (650) 213-8158

                                              Attorneys for AUTODESK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served on all counsel of record via the Court's ECF/CM System on this 30th day of September, 2013.

*/s/ James P. Gagen*

James Gagen