**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AMERICAN IMAGING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTODESK, INC., <br><br> Defendant; <br><br>――――――――――――――― <br><br> AUTODESK, INC., <br><br> Counterplaintiff, <br><br> v. <br><br> AMERICAN IMAGING SERVICES, INC., <br><br> Counterdefendant. | Civil Action No. 3:09-CV-733-M |

**AUTODESK'S TRIAL BRIEF ON EXCLUSION OF EVIDENCE
REGARDING *EX PARTE* REEXAMINATION**

## **TABLE OF CONTENTS**

I.      AISI's Belated Request To Question Dr. Stevenson Regarding the Basis of His Opinions Is Not Only Untimely But Unnecessary and Prejudicial ...................................................................................................................2

II.     The Court's Ruling on the Inadmissibility of the *Ex Parte* Reexamination Is Supported by the Weight of Authority ......................................2

III.    Conclusion ............................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Belden Techs., Inc. v. Superior Essex Commc'ns. LP*,
 802 F. Supp. 2d 555 (D. Del. 2011) ................................................................................3

*Callaway Golf Co. v. Acushnet Co.*,
 576 F.3d 1331 (Fed.Cir.2009) .........................................................................................3

*Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*,
 807 F.2d 955 (Fed. Cir. 1986) .........................................................................................4

*Ethicon, Inc. v. Quigg*,
 849 F.2d 1422 (Fed. Cir. 1988) .......................................................................................4

*Green v. Rich Iron Co.*,
 944 F.2d 852 (Fed. Cir. 1991) .........................................................................................5

*IA Labs CA, LLC v. Nintendo Co., Ltd.*,
 857 F. Supp. 2d 550 (D. Md. 2012) .................................................................................3

*In re Baxter Intern., Inc.*,
 678 F.3d 1357 (Fed. Cir. 2012) .......................................................................................4

*In re Swanson*,
 540 F.3d 1368 (Fed. Cir. 2008) .......................................................................................5

*Microsoft Corp. v. i4i L.P.*,
 131 S. Ct. 2238 (2011) ....................................................................................................4

*Tesco Corp. v. Weatherford Intern. Inc.*,
 750 F. Supp. 2d 780 (S.D. Tex. 2010) .............................................................................5

After all but one of Autodesk's witnesses have finished testifying in Autodesk's case, AISI seeks to introduce evidence regarding the *ex parte* reexamination of U.S. Patent No. RE40,384 ("'384 reissued patent") through Autodesk's last remaining witness. Two of Autodesk's expert witnesses on invalidity, the inventors of two prior art references that were before the PTO during reexamination, have already completed their testimony, and allowing AISI to present this evidence now would have an even greater prejudicial effect against Autodesk than what was considered during the pretrial conference.

AISI's most recent request to admit reexamination evidence[1] is based on the fact that Autodesk's invalidity expert, Dr. Robert Louis Stevenson, had reviewed the reexamination materials that were available prior to submitting his expert report. That fact provides insufficient grounds for AISI to seek to bait Dr. Stevenson on whether he relied on any of those materials to form any opinions beyond those relating to "vector origin," particularly since AISI elected not to take his deposition. Mr. Stevenson's opinions regarding "vector origin" are qualified in his report as being conditional to the extent the Court allowed reexamination evidence to be presented during trial. Because the PTO's construction of "vector origin" from the reexamination will not be presented to the jury, AISI's request to challenge Dr. Stevenson with respect to reexamination would only result in confusion and prejudice that substantially outweighs any probative value. The Court's ruling on the admissibility of evidence regarding the *ex parte* reexamination is consistent with the weight of relevant authority and should not be revisited, yet again, at this late stage.

---

[1] In response to Autodesk's Motion *in limine*, AISI originally argued that reexamination evidence is relevant in this case based on its assumption that the Examiners at the PTO are "presumed experts in the field of the invention," and the PTO allowed the claims "under an easier standard of invalidation than the standard employed by the jury." *See* AISI Resp. to Autodesk Mot. *in limine* No. 8, ECF No. 312 at 7-10. If allowed, these are exactly the type of misleading and prejudicial arguments that AISI will present to the jury.

I.  **AISI's Belated Request To Question Dr. Stevenson Regarding the Basis of His Opinions Is Not Only Untimely But Unnecessary and Prejudicial**

After stating that he reviewed the patent and the prosecution history, Dr. Stevenson testified, "The next kind of piece I looked at was prior art, various pieces, some of the ones I'm planning on talking about today and, I guess, Tuesday. I looked at a lot more than just that, though," indicating that he had reviewed much more prior art than he was going to be testifying about. *See* Oct. 11, 2013 Tr. at 288:4-10. AISI twisted that testimony to argue to the Court: "Your Honor, I would also say in questioning from Ms. Sano, she asked him what materials did you review, and he said, 'I reviewed the patent, the file histories,' plural[2] and, quote, 'looked at a lot more *other than* prior art.'" *Id.* at 312:12-20 (emphasis added). AISI will undoubtedly engage in the same type of fishing in its probing of Dr. Stevenson in its ongoing effort to persuade the Court to reverse its previous ruling regarding reexamination.

As background, Dr. Stevenson submitted his report on September 17, 2012, approximately nine months after the due date for expert reports, in his capacity as a replacement for Autodesk's previous technical expert who had passed away due to cancer. *See* Stipulation re Replacement Expert Report, ECF No. 167. AISI had declined to depose any of Autodesk's other experts regarding their reports during expert discovery. Similarly, AISI never sought to depose Dr. Stevenson following the submission of his expert report. In a further effort to introduce excluded evidence of reexamination, AISI is seeking to effectively depose him now before the Court, shortly before the conclusion of trial.

II. **The Court's Ruling on the Inadmissibility of the *Ex Parte* Reexamination Is Supported by the Weight of Authority**

Contrary to AISI's arguments made in response to Autodesk's Motion *in limine* and re-raised multiple times at trial, *see* ECF No. 302-8, ECF No. 312 at 7-10; Oct. 11, 2013 Trial Tr. at 235:20-240:24, the Court's exclusion of evidence relating to *ex parte* reexamination from consideration by the jury is consistent with Federal Circuit precedent and the decisions

---

[2]  There are two file histories in this case, one for the original '393 patent, Trial Ex. 142, and one for the '384 reissued patent, Trial Exs. 433, 501.

-2-

of numerous other district courts that have considered the issue. *See, e.g., Belden Techs., Inc. v. Superior Essex Commc'ns. LP*, 802 F. Supp. 2d 555, 569 (D. Del. 2011) (denying plaintiff's motion for a new trial on the basis that the court excluded evidence of a final reexamination, reasoning that "[a]dmitting evidence about the '503 patent's reexamination, the outcome of which is not binding on the court, would have only served to confuse the jury and was ultimately far more prejudicial than probative."); *Callaway Golf Co. v. Acushnet Co.*, 576 F.3d 1331, 1342-1343 (Fed.Cir.2009) (affirming denial of defendant's motion for a new trial) ("The district court did not abuse its discretion in concluding that the prejudicial nature of evidence concerning the ongoing parallel re-examination proceeding outweighed whatever marginal probative or corrective value it might have had in this case."); *accord IA Labs CA, LLC v. Nintendo Co., Ltd.*, 857 F. Supp. 2d 550, 552 (D. Md. 2012) ("the Court agrees with the vast majority of courts that such evidence has little relevance to the jury's independent deliberations on the factual issues underlying the question of obviousness and that risk of jury confusion is high.").

Particularly in view of the October 10, 2013 decision by the PTO that three prior art references-- including two that are before the jury in this trial and one that had been addressed in the first reexamination[3]-- raise a "substantial new question of patentability" regarding the "maintain in registration" limitation of the '384 reissued patent, any probative value of evidence relating to reexamination is far outweighed by the potential for prejudice and jury confusion at this stage of the case. With only a few hours of testimony remaining, if any evidence or argument regarding *ex parte* reexamination were to be admitted, Autodesk would be forced to present the complex history of the reexamination to the jury. The person most

---

[3]   On October 10, 2013, the Director of the PTO Central Examination Unit determined that the "AutoSketch Manual in view of Linking CAD to the Past yields a combination that meets the SNQ limitation of 'having coordinates referenced to a vector origin, wherein said first (raster) image is maintained in registration with the second (vector) image using said coordinates'" and that the teachings of the Canvas Manual are "cumulative to the combined teachings" of those references. *See* ECF No. 333-1 at 9; *see also* Trial Ex. 501 at 212 (Linking CAD to the Past flyer); Trial Ex. 234 (Canvas 1.0 Manual).

-3-

knowledgeable regarding the *ex parte* reexamination, including the factual background and all arguments made to the PTO, including during personal interviews with the Examiner that were conducted in the course of the reexamination, is Paul Storm, AISI's litigation counsel. Information regarding the personal interviews is not available to Autodesk. To the extent that AISI is permitted to raise any arguments that were made to the PTO during the *ex parte* reexamination, Autodesk is entitled to call Mr. Storm as a witness to explore those same arguments, leading to potential issues of disqualification and even greater jury confusion.

Even if the reexamination were entirely complete, presentation of the results of the reexamination itself lacks probative value and carries a substantial risk of jury confusion. The determinations of district courts in civil litigation and the decisions of the PTO in *ex parte* reexamination are distinct from one another and represent different outcomes.[4] *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions. Furthermore, we see nothing untoward about the PTO upholding the validity of a reexamined patent which the district court later finds invalid."); *see also In re Baxter Intern., Inc.*, 678 F.3d 1357, 1365 (Fed. Cir. 2012) (affirming Board's determination that claims were not patentable despite previous Federal Circuit panel's affirmation of district court's validity finding) ("In particular, a challenger that attacks the validity of patent claims

---

[4] Proponents of admitting reexamination evidence often cite to an older line of cases such as *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955 (Fed. Cir. 1986), in which the Court noted that "an examiner's decision on an original or reissue application is evidence the court must consider in determining whether the party asserting invalidity has met its statutory burden by clear and convincing evidence" and that upon reissue "the burden of proving invalidity was made heavier." *See id*. at 961. The Supreme Court's decision in *Microsoft Corp. v. i4i L.P.*, 131 S. Ct. 2238 (2011), however, made clear that the burden of proving invalidity does not change, and the relevant consideration for the jury is whether the PTO evaluated the evidence "when determining whether an invalidity defense has been proved by clear and convincing evidence." *See id*. at 2251. This is exactly the line the Court has drawn in this case by allowing the jury to consider whether the PTO has considered a reference, but excluding the prejudicial use of the reexaminations to mislead and confuse the jury on the appropriate burden of proof.

in civil litigation has a statutory burden to prove invalidity by clear and convincing evidence…. Should the challenger fail to meet that burden, the court will not find the patent valid, only that the patent challenger did not carry the burden of establishing invalidity in the particular case before the court."); *accord In re Swanson*, 540 F.3d 1368, 1378 (Fed. Cir. 2008) ("considering an issue at the district court is not equivalent to the PTO having had the opportunity to consider it.").

The prejudice cannot be cured by simply instructing the jury that the standards are different and therefore the PTO's conclusions (which remain subject to further review by the PTO in the pending reexamination) are not dispositive because "there is a serious risk that a jury would view the examiners as expert and authoritative." *See Tesco Corp. v. Weatherford Intern. Inc.*, 750 F. Supp. 2d 780, 793-794 (S.D. Tex. 2010). This is precisely AISI's stated purpose for using the reexamination to cross-examine Autodesk's invalidity experts. *See* AISI's Resp. to Autodesk's Motion *in limine*, ECF No. 312 at 8 ("As presumed experts in the field of the patented invention, the final determination by the Patent Office on validity of the claims in view of references asserted by Autodesk in this case is certainly at least as probative as any expert testimony that Autodesk plans to elicit about the scope of the prior art and its alleged disclosure of the claimed elements."); *but see Green v. Rich Iron Co.*, 944 F.2d 852, 853-54 (Fed. Cir. 1991) (reversing district court's order, reasoning "If the court's discussion of the PTO's 'special expertise' means the court purported to select the PTO or its examiners as expert witnesses under Federal Rule of Evidence 706, the order is ineffectual.").

Consistent with the Court's ruling, once the jury is informed that a prior art reference has been before the PTO, evidence of reexamination carries no more probative value for the jury's independent determination of the invalidity of the asserted claims. *See Tesco*, 750 F. Supp. 2d at 794 ("[t]he examiners' rejections and confirmations of claims in the reexamination proceedings are inadmissible for purposes of proving invalidity of the patents."). The *ex parte* reexamination of the '384 reissued patent therefore remains irrelevant to any issue in this case, and AISI should be precluded from presenting this evidence to the

jury, particularly at this late stage of the case, which would cause undue prejudice to Autodesk's presentation of its case and create substantial jury confusion.

### III. Conclusion

There is no valid reason for AISI to seek to challenge Dr. Stevenson at this late stage, particularly as to any of the conditional opinions set forth in his report that will not be presented to the jury. AISI's attempt to introduce the *ex parte* reexamination through its cross examination of Dr. Stevenson is clearly a pretext, as once the reexamination is admitted, AISI will use the evidence to achieve the same prejudicial effect that Autodesk's original Motion *in limine* sought to avoid. For the foregoing reasons and the reasons previously articulated by the Court, Autodesk respectfully requests that the Court maintain its original ruling.

Dated: October 14, 2013

Respectfully submitted,

 */s/ James Gagen*
E. Leon Carter
Texas State Bar No. 03914300
lcarter@carterstafford.com
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@carterstafford.com
CARTER STAFFORD ARNETT HAMADA
   & MOCKLER, PLLC
8150 N. Central Expressway, Suite 1950
Dallas, TX  75206
Telephone:  (214) 550-8188
Facsimile:  (214) 550-8185

Jeannine Yoo Sano (*pro hac vice*)
jsano@whitecase.com
Eric E. Lancaster (*pro hac vice*)
elancaster@whitecase.com
Jason Xu (*pro hac vice*)
jxu@whitecase.com
James Gagen (*pro hac vice*)
jgagen@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306-1209

Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158

Attorneys for AUTODESK, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served on all counsel of record via the Court's ECF/CM System on this 14th day of October, 2013.

*/s/ James Gagen*
James Gagen