IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN IMAGING SERVICES, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 3:09-CV-733-M |
| v. | § § | JURY TRIAL DEMANDED |
| AUTODESK, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN IMAGING'S BENCH BRIEF IN SUPPORT OF THE ADMISSION OF THE THREE COMPLETED REEXAMINATIONS**

# **TABLE OF CONTENTS**

The reexaminations are part of the prosecution history. ................................................................ 1

The complete record should be admitted. ..................................................................................... 3

Allowing consideration of the complete record is consistent
with having stayed this matter based on reexamination. ............................................................... 5

Denying admission of Exhibits 502-504 and related testimony
will severely prejudice American Imaging. ................................................................................... 8

Autodesk's arguments that the completed reexaminations should
not be admitted have no basis in law or fact. ................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*,
   725 F.2d 1350 (Fed. Cir. 1984) ..................................................................................................3

*Biagro Western Sales, Inc. v. Grow More, Inc.*,
   423 F.3d 1296 (Fed. Cir. 2005) ..................................................................................................2

*C.R. Bard, Inc. v. U.S. Surgical Corp.*,
   388 F.3d 858 (Fed. Cir. 2004) ....................................................................................................2

*Cole v. Kimberly-Clark Corp.*,
   102 F.3d 524 (Fed. Cir. 1996) ....................................................................................................2

*Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.*,
   No. 07-CV-2768, 2011 WL 941870 (E.D. Pa. Mar. 17, 2011) ..................................................2

*Duco, Inc. v. Aker Solutions, Inc.*,
   No. H-11-2858, 2012 WL 2847469 (S.D. Tex. Jul. 10, 2012) ...................................................5

*Ethicon v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ...............................................................................................5, 7

*In Re Etter*,
   756 F.2d 852 (Fed. Cir. 1985) .................................................................................................5, 7

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*,
   535 U.S. 722 (2002) ...................................................................................................................1

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ..................................................................................................6

*In Re Katz Interactive Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ..................................................................................................1

*Kaufman Co. v. Lantech, Inc.*,
   807 F.2d 970 (Fed. Cir. 1986) ....................................................................................................4

*Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec. Co.*,
   506 F. Supp. 2d 646 (D. N.M. 2007) .........................................................................................2

*Marquip, Inc. v. Fosber America, Inc.*,
   198 F.3d 1363 (Fed. Cir. 1999) ..................................................................................................2

*Medicis Pharm. Corp. v. Upsher-Smith Labs, Inc.*,
   486 F. Supp. 2d 990 (D. Ariz. 2007) ..........................................................................................6

*Mendenhall v. Cedarapids, Inc.*,
   5 F.3d 1557 (Fed. Cir. 1993)..................................................................................3

*Microsoft Corp. v. i4i Partnership*,
   131 S.Ct. 2238 (2011)..................................................................................3, 8

*MonoSol RX, LLC v. BioDelivery Sciences Int'l, Inc.*,
   No. 10-5695-FLW, 2012 WL 762501 (D. N. J. Mar. 7, 2012)..................................6

*On Demand Machine Corp. v. Ingram Indus.*,
   442 F.3d 1331 (Fed. Cir. 2006)..................................................................................2

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (en banc)..................................................................2

*Radio Corp. of America v. Radio Eng'g Labs., Inc.*,
   293 U.S. 1 (1934)..................................................................................5

*Spa Syspatronic, AG v. Verifone, Inc.*,
   No. 2:07-CV-416, 2008 WL 1886020 (E.D. Tex. Apr. 25, 2008)..............................6

*St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*,
   412 Fed. App'x, 2011 WL 66166 (Fed. Cir. Jan. 10, 2011)......................................2

*Univ. of Pittsburgh v. Varian Med. Sys., Inc.*,
   877 F. Supp. 2d 294 (W.D. Pa. 2012)..................................................................4

**OTHER AUTHORITIES**

http://patft.uspto.gov/netahtml/PTO/patimg.htm...........................................................8

http://portal.uspto.gov/pair/PublicPair..........................................................................8

Further to the multiple discussions during the trial in this matter as well as arguments made during the pre-trial conference and in Plaintiff's Response to Autodesk's Motion in *Limine* No. 8 regarding the admissibility of Exhibits 145 and 502-504, Plaintiff American Imaging Services, Inc. ("American Imaging") provides the following additional explanation in support of the admission of the full records of the three completed reexaminations.

American Imaging notes that it is not too late to admit the reexaminations in their entireties, as Autodesk's expert Mr. Stevenson relied on the first reexamination in his expert report and should be subject to cross-examination about that reliance. Even if Mr. Stevenson never considered any reexamination or says that he did not rely on anything from any reexamination, American Imaging should be allowed to cross-examine him on (1) the extent to which his opinions are contrary to the Patent Office findings and (2) the extent to which his current testimony relies on evidence submitted to the Patent Office and specific arguments made to the Patent Office that were rejected by the Patent Office. Mr. Stevenson is currently on the stand for Autodesk.

<u>The reexaminations are part of the prosecution history.</u>

The complete prosecution history of the '384 Patent necessarily includes the three complete reexaminations, which resulted in the issuance of a Certificate of Reexamination. American Imaging has found no law to support the position that the completed reexaminations are not part of the prosecution history. To the contrary, every case found by American Imaging assumes or holds that the reexamination proceedings **are part of** the prosecution history. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722 (2002) (evaluating arguments about prosecution history estoppel based in part on record from reexamination proceedings); *In Re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1324-25 (Fed.

Cir. 2011) (evaluating statements made in reexamination as part of the prosecution history in determining claim construction); *Biagro Western Sales, Inc. v. Grow More, Inc.*, 423 F.3d 1296, 1303 (Fed. Cir. 2005) (reviewing statements made by examiner during reexamination as part of the prosecution history); *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 529-40 (Fed. Cir. 1996) (considering record from multiple reexaminations as part of the prosecution history).

"The prosecution history, which we have designated as part of the 'intrinsic evidence,' consists **of the complete record of the proceedings before the PTO** and includes the prior art cited during the examination of the patent…Like the specification, the prosecution history provides evidence of how the PTO and the inventor understood the patent." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (en banc) (emphasis added). *See also see St. Clair Intellectual Property Consultants, Inc. v. Canon Inc.*, 412 Fed. App'x, 2011 WL 66166, *5-6 (Fed. Cir. Jan. 10, 2011) (reviewing statements made by patentee and examiner in reexamination as part of prosecution history); *On Demand Machine Corp. v. Ingram Indus.*, 442 F.3d 1331, 1338–39 (Fed. Cir. 2006) (same); *Marquip, Inc. v. Fosber America, Inc.*, 198 F.3d 1363, 1368 (Fed. Cir. 1999) (considering examiner's review of prior art not considered previously by PTO in reexamination and his findings as part of prosecution history); *C.R. Bard, Inc. v. U.S. Surgical Corp.*, 388 F.3d 858, 867–68 (Fed. Cir. 2004) (considering ex parte reexamination as part of prosecution history).[1]

---

[1] *Cf.* "Prosecution history includes the inter partes reexamination." *Cross Atlantic Capital Partners, Inc. v. Facebook, Inc.*, No. 07-CV-2768, 2011 WL 941870, at *1-2 (E.D. Pa. Mar. 17, 2011) (considering patentee, reexam requester and examiner statements in reexamination); *Leviton Mfg. Co., Inc. v. Zhejiang Dongzheng Elec. Co.*, 506 F. Supp. 2d 646, 658–59 (D. N.M. 2007) (considering inter partes reexamination as intrinsic prosecution history).

<u>The complete record should be admitted.</u>

The jury is entitled to know the full scope of what the Patent Office considered in making the determination that the patent claims would be allowed.

> When no prior art other than that which was considered by the PTO examiner is relied on by the attacker, he has the added burden of overcoming the deference that is due to a qualified government agency presumed to have properly done its job, which includes one or more examiners who are assumed to have some expertise in interpreting the references and to be familiar from their work with the level of skill in the art and whose duty it is to issue only valid patents. In some cases a PTO board of appeals may have approved the issuance of the patent….**When an attacker simply goes over the same ground travelled by the PTO, part of the burden is to show that the PTO was wrong in its decision to grant the patent**.

*Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1984) (emphasis added).

The Supreme Court's comments in *Microsoft Corp. v. i4i Partnership*, 131 S.Ct. 2238, 2251 (2011), also indicate that the jury should be allowed to hear all of the evidence of what the Patent Office considered and then consider, as part of its invalidity analysis, whether that information was different than what the jury heard in the case presented to it. Such an analysis necessarily involves looking at the whole prosecution history and not just the fact of whether or not a reference was considered. As the Supreme Court observed, "[w]hen it is disputed whether the evidence presented to the jury differs from that evaluated by the PTO, the jury may be instructed to consider that question. In either case, the jury may be instructed to evaluate whether the evidence before it is materially new, and if so, to consider that fact when determining whether an invalidity defense has been proved by clear and convincing evidence."

*See also Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1564 (Fed. Cir. 1993) (finding no error in jury instruction: "Because the deference to be given the Patent Office's determination is

related to the evidence it had before it, you should consider the evidence presented to the Patent Office during the reissue application process, compare it with the evidence you have heard in this case, and then determine what weight to give the Patent Office's determinations"); *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 972-74 (Fed. Cir. 1986) (reviewing evidence from reexamination initiated after original case was filed, including at least the references themselves and examiner findings, in affirming trial verdict of infringement and validity); *Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 877 F. Supp. 2d 294, 309 (W.D. Pa. 2012) (admitting full reexamination file during invalidity trial).

Both Supreme Court and Federal Circuit precedent thus clearly indicate that the jury should be allowed to evaluate any evidence presented to the Patent Office, which is not possible without allowing the admission of Exhibits 502-504. Allowing a witness to be asked whether a reference was considered by the Patent Office is not the same as allowing the presentation of the evidence presented to the Patent Office. The jury is entitled to know that the precise arguments made by Autodesk, including the testimony of its experts, have been explicitly provided to the Patent Office. It is clear that Autodesk is going to argue that the Patent Office made a mistake in allowing the claims over the six references asserted by Autodesk. Beyond just telling the jury that each reference was considered, the extent of consideration of each reference is highly relevant to avoid Autodesk being able to mislead the jury into thinking that the Patent Office's review was merely cursory. The full reexamination record includes relevant facts that American Imaging is entitled to elicit in order for the jury to understand "the ground travelled before the PTO" including (1) the number of different examiners who considered each reference, (2) the fact that the examiners were directed to specific pages in each manual/publication and given

claim charts arguing invalidity, and (3) the precise arguments presented in Autodesk's requests that were overcome by American Imaging.

> Allowing consideration of the complete record is consistent with having stayed this matter based on reexamination.

"The innate function of the reexamination process is to increase the reliability of the PTO's action in issuing a patent by reexamination of patents thought 'doubtful.'  When the patent is concurrently involved in litigation, an auxiliary function is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In Re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985).   Recognizing the benefit of the Patent Office's view of the validity of the patent claims over the references cited during reexamination, courts regularly stay litigation while reexamination proceeds.  *See, e.g., Duco, Inc. v. Aker Solutions, Inc.*, No. H-11-2858, 2012 WL 2847469, at * 4 (S.D. Tex. Jul. 10, 2012) (staying case while observing that "the Patent Office's insight on the validity of the Patent would be of invaluable assistance to this Court"). Notably, Magistrate Kaplan stayed this case based on Autodesk's first request for reexamination. (Doc. 154).

Refusing to admit the record of the very reexamination that caused this case to be stayed is inconsistent and unfair. "The evidence in this suit…is a repetition, word for word, of the evidence in the earlier suits, so far as material to the conflicting claims…What has been added is so nearly negligible that to all intents and purposes the records are the same." *Radio Corp. of America v. Radio Eng'g Labs., Inc.*, 293 U.S. 1, 6 (1934) (considering record of multiple court cases and patent office interference proceedings and noting that "[a] patent regularly issued, and even more obviously a patent issued after a hearing of all the rival claimants, is presumed to be valid until the presumption has been overcome by convincing evidence of error."); *Ethicon v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("even if the reexamination did not lead to claim

amendment or cancellation, it could still provide valuable analysis to the district court, which it could consider in reaching its determination") (internal citations omitted); *Medicis Pharm. Corp. v. Upsher-Smith Labs, Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007) (staying case pending reexamination noting that "the PTO has ordered reexamination of the [patent-in-suit] following [a] request based on "all of the prior art references cited by Defendants…that were not previously considered during the original prosecution....Thus, any review of prior art that the Court may conduct will be enhanced by the PTO's expert opinion.").

As presumed experts in the field of the patented invention, the final determination by the Patent Office on validity of the claims in view of references asserted by Autodesk in this case is certainly at least as probative as any expert testimony that Autodesk plans to elicit about the scope of the prior art and its alleged disclosure of the claimed elements. "One purpose of the reexamination procedure is to…provid[e] the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Spa Syspatronic, AG v. Verifone, Inc.*, No. 2:07-CV-416, 2008 WL 1886020, at *1 (E.D. Tex. Apr. 25, 2008) (granting stay pending reexamination noting the advantages of having a stay to allow the PTO to determine the validity of the patent include that "all prior art presented to the Court will have been first considered by the PTO with its particular expertise"); *MonoSol RX, LLC v. BioDelivery Sciences Int'l, Inc.*, No. 10-5695-FLW, 2012 WL 762501, at *10 (D. N. J. Mar. 7, 2012) (staying case pending reexamination and observing the advantage that a reexamination creates "an admissible record at trial from the [US]PTO proceedings which would reduce the complexity of the litigation.").

While it is true that the standards used by the Patent Office to evaluate the patentability (*i.e.*, validity) of a claim in view of the prior art are different in a reexamination compared to the

standard for a jury evaluating invalidity, the Patent Office standards are more favorable to the patent challenger. The Patent Office does not employ a presumption of validity and uses a preponderance of the evidence standard of proving nonpatentability in examining every claim. *Ethicon,* 849 F.2d at 1427; *In Re Yamamoto*, 756 F.2d 852, 858 (Fed. Cir. 1984). In contrast, a jury is instructed on the presumption of validity that it must find invalidity by clear and convincing evidence. Thus, even though the standards are different, it is highly probative that the Patent Office allowed all of the claims <u>under an easier standard</u> of invalidation than the standard employed by the jury.

It was Autodesk's choice to create a record of multiple reexaminations. Autodesk relied on the record of the first reexamination to get this Court to stay this case. Not only did Autodesk get a stay, Autodesk also has already received the benefit of the reexamination in no longer facing certain claims which were cancelled during that process. Autodesk is not an innocent victim here; it initiated each action leading to the current record of this patent's history before the Patent Office. There is no reason for the jury not to know who requested the reexaminations and that the same party is making the same arguments now to them that were already rejected by the Patent Office.

Autodesk had the choice not to identify itself in filing its three Ex Parte Requests for Reexamination. The Patent Office has never required a third party requester to identify the real party in interest in a Request for Ex Parte Reexamination. Manual of Pat. Exam. P. § 2213 ("If an attorney or agent files a request for reexamination for another entity (e.g., a corporation) that wishes to remain anonymous, then that attorney or agent is the third party requester"). Autodesk chose to identify itself and to make itself prominent throughout the Requests; it did not have to make that choice. Any member of the public can look up the reexamination records on

http://portal.uspto.gov/pair/PublicPair and see that Autodesk requested the Reexaminations. The fact that Autodesk is the requester is part of the prosecution history with probative value that is not substantially outweighed by the risk of prejudice. American Imaging is unable to identify any prejudice to Autodesk from having to live with its own choices to create a public record.[2]

> Denying admission of Exhibits 502-504 and related testimony
> will severely prejudice American Imaging.

American Imaging will be severely prejudiced if it is not allowed to present the entire record of each of the three reexaminations. Without the evidence from the reexaminations, there is a serious and substantial risk that the jury could find that Autodesk met its burden of proving invalidity by clear and convincing evidence based on an incomplete picture of what has already happened in the Patent Office. It is not sufficient merely to tell the jury that a reference was considered. As discussed above, the burden of overcoming the presumption is more difficult to achieve with references actually considered by the Patent Office. *I4i*, 131 S.Ct. at 2251 (noting that it is a "commonsense principle that…new evidence supporting an invalidity defense may 'carry more weight' in an infringement action than evidence previously considered by the PTO"). American Imaging is entitled to present why decisions were made by the Patent Office and exactly what about each prior art reference was submitted and considered so that the jury can make a fully informed decision as to whether the presumption of validity has been overcome by Autodesk's evidence.

There is no question as to the admissibility of the full original prosecution history and the reissue prosecution history, including discussion of the references considered by the Examiner

---

[2] The Reexamination Certificate is also part of the official patent once issued. For instance, the public currently may view the '384 Patent in full text images on the PTO website and see the Reexamination Certificate as a matter of public record at the last pages of the patent at http://patft.uspto.gov/netahtml/PTO/patimg.htm.

and his determinations after such consideration based on the Patent Office standards. These final reexaminations are part of that prosecution history and should be admitted without limitations.

> Autodesk's arguments that the completed reexaminations should
> not be admitted have no basis in law or fact.

Autodesk urges the Court to continue to deny admission of the completed reexaminations by implying that American Imaging only begun arguing for the admission of the complete record of the '384 Patent in connection with Mr. Stevenson's testimony. The Court is well aware that American Imaging has argued for the admission of Exhibits 502-504 and sought permission to elicit testimony about them both at the Pretrial conference and with both of Autodesk's first two witnesses on invalidity (Mr. Snider and Mr. Miranda) on Friday. The fact that **there are additional reasons** to allow the admission of the completed reexaminations to cross-examine Mr. Stevenson on his opinion, because he relied on excerpts from the first reexamination, does not diminish or obviate the original reasons that the reexaminations should have been admitted and should be admitted now.

As noted previously in American Imaging's response to Autodesk's Motion in *Limine* No. 8 (Doc. 312), every case cited by Autodesk in its Brief in support of its Motion in *Limine* (Doc. 302-8), and now in its Trial Brief (Doc. 336), concerns **incomplete** reexaminations. American Imaging agrees with the reasoning in those cases that statements and determinations prior to the conclusion of such proceedings are unduly prejudicial to the jury. For instance, in Autodesk's first request for reexamination of the '384 Patent, the patent claims were all originally held unpatentable in view of certain prior art. It was only after years of argument and explanation that some of American Imaging's claims were allowed. If a jury had been given only the initial office action by the Patent Office (which was not remotely the final step in the reexamination process), it could easily have been confused and misled into thinking that it

9

should find the claims invalid. Ironically, Autodesk wants to rely on the activity of last Thursday, October 10, 2013 from its fourth request for reexamination to argue the inadmissibility of the first three completed reexaminations. There is no authority to support the admissibility of a partial reexamination, and every case cited by Autodesk itself shows the irrelevance of that activity.

Autodesk's assertion that it would have to call Paul Storm to testify about the completed reexamination is specious. First, Autodesk has no claim or defense that would implicate Mr. Storm's testimony. Unlike its inequitable conduct claim where testimony about what was done during the prosecution was relevant to whether inequitable conduct was committed, Autodesk has no claim about any wrongdoing during the reexaminations. The record of what happened during the reexamination is what it is and is all on paper in Exhibits 502-504. There is simply no legitimate reason to question Mr. Storm. Second, the veracity of this new-found need to question Mr. Storm is undermined by Autodesk's complete failure to question Mr. Storm or any of the multiple patent examiners earlier in this case. Mr. Storm sat for deposition in April. He could have been questioned then, or any time over the next six months, if his testimony was really so necessary to Autodesk. The reexaminations were on American Imaging's exhibit list in April and objections were not set to be ruled upon until October. Thus, it was again Autodesk's choice not to attempt to follow up in gathering any evidence that it wanted to on the reexaminations. Autodesk did not seek to exclude the reexaminations until three weeks before trial and should have been prepared for its motion to be denied, just as generally any party should be prepared to address evidence if its motion to exclude such evidence is denied.

Fundamentally, Autodesk wants to convince the Court that Autodesk will be prejudiced if the jury sees the Patent Office as experts who have done their job. The expertise of the Patent

Office is the underlying premise of our entire patent system, including the fact that there is a presumption of validity and that clear and convincing evidence is required to overcome that presumption. Although there are different standards applied by the Patent Office in considering references for allowing patent claims over prior art than there are for a jury to find a patent invalid, that reality is neither confusing nor prejudicial. It is the only reason why a jury could ever conclude that a patent is invalid over references considered by the Patent Office and it is the source of the presumption and the burden of proof for invalidity. Tellingly, Autodesk has never raised an objection to the jury considering the pre-suit prosecution history of the reissue patent (Ex. 501) where the Patent Office applied a different standard in determining allowability of the claims. There is nothing different about the jury being able to consider the rest of the prosecution history (post-suit reexaminations). The *Tesco* case relied on repeatedly by Autodesk is again about an incomplete reexamination.

The fact that Autodesk literally states to the Court that "[t]he ex parte reexamination of the '384 reissued patent therefore remains irrelevant to any issue in this case" speaks volumes. (Doc. 336 at page 10 of 11). The Patent Office's prior review of the same arguments and references presented now by Autodesk to the jury could not be more relevant. The reexaminations are part of the prosecution history of the '384 Patent and their files should be treated the same as the rest of the prosecution history (Ex. 501) and fully admittted for all purposes.

Dated: October 14, 2013

Respectfully submitted,
/s/ Paul V. Storm
Paul V. Storm
  State Bar No. 19325350
pvstorm@gardere.com
Sarah M. Paxson
  State Bar No. 24032826
spaxson@gardere.com
Gardere Wynne Sewell LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
214.999.3000 (phone)
214.347.4667 (fax)

Jonathan T. Suder
  State Bar No. 19463350
jts@fsclaw.com
Todd I. Blumenfeld
  State Bar No. 24067518
blumenfeld@fsclaw.com
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817.334.0400 (phone)
817.334.0401 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically and served on counsel of record via CM/ECF on October 14, 2013.

/s/ Paul V. Storm

Paul V. Storm